39 F.3d 1187
 74 A.F.T.R.2d 94-7144
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael S. LOVETT, Plaintiff-Appellant,
v.
Gregory W. GILLEN, Theresa L. Manchester; United States of
America; Defendants-Appellees.
 No. 94-15224.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1994.*
Decided Nov. 8, 1994.
 
 Before: WRIGHT, BEEZER and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Lovett sued two IRS agents and the United States. The district court granted the government's motion to dismiss for lack of jurisdiction and failure to state a claim. He appeals. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 Lovett initially named IRS employees Gillen and Manchester in their official capacity as defendants, and pleaded an action in the nature of mandamus by asserting jurisdiction under 28 U.S.C. Sec. 1361. He challenged their authority to seize his boat to satisfy his tax deficiency, and asserted that they failed to answer his Freedom of Information Act requests. In his amended complaint he added the United States as a defendant and asserted a quiet title claim under 28 U.S.C. Sec. 2410. Lovett's underlying argument is that he is not a taxpayer subject to the authority of the United States, and is therefor not required to pay taxes.
 
 
 4
 We review de novo dismissal for lack of jurisdiction and failure to state a claim. Nike, Inc. v. Comercial Iberica De Exclusivas Deportivas, S.A., 20 F.3d 987, 990 (9th Cir.1994); Everest and Jennings v. American Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir.1994). Dismissal of Lovett's complaint was proper because the court did not have jurisdiction.
 
 
 5
 We consider Lovett's claims against Gillen and Manchester in their official capacity to be against the United States because the bar of sovereign immunity may not be avoided by naming government employees. Gilbert v. Da Grossa, 756 F.2d 1455, 1458 (9th Cir.1985). The court did not have jurisdiction under 28 U.S.C. Sec. 2410 because the United States has not consented to be sued in such actions as this challenging the merits of an assessment, rather than the procedural validity of a tax lien. Elias v. Connett, 908 F.2d 521, 527 (9th Cir.1990). Lovett's allegation that the court had mandamus jurisdiction to review the validity of the seizure also failed because 28 U.S.C. Sec. 1361 is not a consent to suit by the United States. Smith v. Grimm, 534 F.2d 1346, 1352 n. 9 (9th Cir.1976). And as to his request for documents that would show the IRS "has no lawful authority over" him, mandamus jurisdiction was lacking because FOIA remedies existed. See Fallini v. Hodel, 783 F.2d 1343, 1345 (9th Cir.1986).
 
 
 6
 Moreover, to the extent Lovett sought to enjoin the assessment and collection of his taxes, his action was jurisdictionally barred by the Anti-Injunction Act, 26 U.S.C. Sec. 7421. Elias, 908 F.2d at 523. Nor did the district court commit any procedural errors.
 
 
 7
 This is but another "of the many suits, prosecuted by disgruntled taxpayers, that neither advances the law nor serves any purpose save to clog the court's dockets, waste judicial time and cause protracted delays in worthy litigation." Cook v. Spillman, 806 F.2d 948 (9th Cir.1986). Lovett's claim that he is not a taxpayer subject to the authority of the United States or the IRS is patently frivolous. United States v. Nelson (In re Becraft ), 885 F.2d 547, 548 (9th Cir.1989); United States v. Studley, 783 F.2d 934, 937 (9th Cir.1986). And the jurisdictional defects in his action are equally clear. We impose against Lovett as a sanction for prosecuting this frivolous appeal an award of damages in favor of the United States in the amount of $1,000. See Cook, 806 F.2d at 949; Fed.R.App.P. 38.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4. The panel also denies Lovett's motion to supplement the record
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3