**Charles C. COOK, Plaintiff-Appellant,**

v.

**Raymond A. SPILLMAN, Internal Revenue Service, the Federal Reserve Bank Corporation, Defendants-Appellees.**

**No. 86–1642.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 22, 1986.*

Decided Dec. 22, 1986.

Charles C. Cook, in pro per.

Michael L. Paup, William S. Estabrook, Martha B. Brissette, Tax Div., Dept. of Justice, Washington, D.C., for defendants-appellees.

Before BROWNING, Chief Judge, MERRILL and KOELSCH, Circuit Judges.

PER CURIAM:

This matter is another of the many suits, prosecuted by disgruntled taxpayers, that neither advances the law nor serves any purpose save to clog the court's dockets, waste judicial time and cause protracted delays in worthy litigation.

Cook, the appellant, is no novice in the field. Thrice previously, as well as this time, his dogged efforts to defeat and over-

---

* The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.  App.P. 34(a); Ninth Circuit Rule 3(f).

turn the income tax laws have been judicially declared frivolous.[1]

The keystone of Cook's principal argument, that the Sixteenth Amendment was never ratified by the requisite number of states and that the Secretary of State committed fraud by certifying that the Amendment had been duly ratified and adopted and was last repudiated by this court in *United States v. Stahl*, 792 F.2d 1438 (9th Cir.1986);[2] thus, Cook's numerous variations on the fraud theme are, in consequence, totally unfounded.

As to Cook's attack on the Federal Reserve System and his argument that notes so issued do not constitute taxable income, a reading of this court's decision in *United States v. Schmitz*, 542 F.2d 782 (9th Cir.1976) (a criminal appeal), clearly shows that his contention is wholly frivolous.

Cook's resort to the First Amendment of the Constitution as a shield against the imposition and collection of tax is likewise futile: "—religious belief in conflict with the payment of taxes affords no basis for resisting the tax." *United States v. Lee*, 455 U.S. 252, 260, 102 S.Ct. 1051, 1056, 71 L.Ed.2d 127 (1982); *Larsen v. Commissioner*, 765 F.2d 939 (9th Cir.1985).

None of Cook's remaining points warrant exposition.

The judgment is **affirmed** and in addition and as a sanction for prosecuting this frivolous appeal, we deem, as appropriate, **an award to appellee of $1,500 as damages in lieu of costs and attorneys fees.** *Coleman v. Commissioner*, 791 F.2d 68 (7th Cir.1986), a case Cook should read and heed.

SO ORDERED.

---

1. Since they involve frivolous conditions, most of the decisions denying relief to this and other taxpayers have been met by unpublished memoranda. This case, too, can be said not to accomplish any precedential usefulness and could appropriately go unpublished. It may, however, be of some use to the court to let other disgruntled taxpayers, usually acting without advice of counsel, know that the advancing of issues such as those found here will result in the imposition of sanctions.

2. Supreme Court authority treating this same subject has been on the books for well over half a century. *See Leser v. Garnett*, 258 U.S. 130, 42 S.Ct. 217, 66 L.Ed. 505 (1922).