5 F.3d 534
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Jaime BANUELOS; Maria Casas; Samuel Rodriguez; Lorenzo
Gonzalez; Bertha Andrade; Manuel Gonzalez; Victor Orozco;
Victor Lopez; Thomas Jimenez; Frank Huizar; Rafael
Hernandez; Jesus Navarro; Ramon Valdez; Marco T. Centeno;
Jaime Barrientos; Humberto Lopez; Manuela Garcia; Adan
Espinoza, Petitioners,
v.
UNITED STATES DEPARTMENT OF JUSTICE; Executive Office of
Immigration Review; Office of the Chief
Administrative Hearing Officer, Respondents,
Transportation Leasing Company (Formerly Greyhound Lines,
Inc.), et al.; G.L.I. Holding Company and
Subsidiary Greyhound Lines, Inc., Real
Parties in Interest.
 No. 91-70005.
 United States Court of Appeals, Ninth Circuit.
 Aug. 18, 1993.
 
 1
 Before: BROWNING, FARRIS, and KELLY,** Circuit Judges
 
 
 2
 MEMORANDUM***
 
 
 3
 The parties are familiar with the facts and issues, and we will not restate them here.
 
 I. DISMISSAL OF COMPLAINT
 
 4
 The ALJ's dismissal of Banuelos's claim against Bortisser was proper. The only allegations against Bortisser were that it 1) hired only some of the Complainants and paid them less than what they received as Old Greyhound employees and 2) terminated all workers hired under the contract with GLI when that contract ended in 1988. Banuelos claimed these actions were discriminatory because Bortisser's employment decisions were controlled by Banuelos's former Old Greyhound supervisor, who he believed did not want to employ U.S. citizens. However, the complaint did not allege any facts to support this reasoning or to suggest in any other way that Bortisser's employment decisions were based on citizenship.
 
 
 5
 The ALJ ordered Banuelos pursuant to 28 C.F.R. Sec. 68.21 to plead the legal and factual bases of his claim against Bortisser with greater specificity. Banuelos failed to comply with this order. The ALJ had authority under 28 C.F.R. Sec. 68.37(b)(1) to dismiss the complaint for failure to adequately state a claim.
 
 II. SUMMARY DECISIONS
 
 6
 The ALJ properly denied Banuelos's motion for summary decision and entered summary decisions for TLC, GLI and Bus Wash under 28 C.F.R. Sec. 68.38. Banuelos rested his entire claim on the theory that the sale of assets to GLI was a "sham" transaction. His only evidence offered to support this theory was the fact that TLC and GLI shared the same California tax employer number. However, based on the affidavit of Richard Hirz, Manager of Payrolls for Greyhound Lines, Inc., the ALJ found the use of the same number resulted from a "computer-generated 'oversight' " and there is nothing to cast doubt on this finding. See Lowe v. City of Monrovia, 775 F.2d 998, 1007 (9th Cir.1985) (summary judgment proper under Title VII disparate treatment theory if plaintiff fails to show nondiscriminatory reason for employer's action is pretext).
 
 III. AWARD OF ATTORNEY'S FEES
 
 7
 The ALJ acted within his discretion, Mitchell v. Office of Los Angeles County, 805 F.2d 844, 846 (9th Cir.1986), in awarding attorney's fees to TLC and GLI on the grounds that 1) Banuelos's claim was unreasonable, without foundation and unsupported by any credible evidence, Christianburg Garment Co. v. E.E.O.C., 434 U.S. 412, 421 (1978); E.E.O.C. v. Bruno's Restaurant, No. 91-55323, slip op. 14975, 14983 (9th Cir. December 31, 1992), and 2) Banuelos attempted to bring the same claim repeatedly even though it was found by other courts and administrative tribunals to lack merit. Miller v. Los Angeles County Bd. of Educ., 827 F.2d 617, 620 (9th Cir.1987).
 
 IV. SANCTIONS FOR FRIVOLOUS APPEAL
 
 8
 This court is reluctant to sanction pro se litigants under Fed.R.App.P. 38 unless they appeal the same claims repeatedly, Wilcox v. C.I.R., 848 F.2d 1007, 1009 (9th Cir.1991), their arguments have been squarely rejected by this court in prior decisions, Cook v. Spilman, 806 F.2d 948, 949 (9th Cir.1986), or they have used the courts for a wholly inappropriate purpose, Bell v. City of Kellogg, 922 F.2d 1418, 1425 (9th Cir.1991). None of these factors is present in this case and we decline to award sanctions.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Honorable Paul J. Kelly, Jr., Circuit Judge, United States Court of Appeals for the Tenth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3