T.C. Memo. 1997-264

UNITED STATES TAX COURT

LOLA COWAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 265-95.                          Filed June 12, 1997.

Lola Cowan, pro se.

<u>Julie L. Payne</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

JACOBS, <u>Judge</u>:  Respondent determined a deficiency in petitioner's 1990 Federal income tax in the amount of $22,750 and additions to tax pursuant to sections 6651(a) and 6654(a) in the respective amounts of $5,553 and $1,491.

The issues for decision are:

(1) Whether petitioner had unreported income for the year 1990, as determined by respondent. We hold she did.

(2) Whether petitioner is liable for a section 6651(a) addition to tax for failure to file a 1990 Federal income tax return. We hold she is.

(3) Whether petitioner is liable for a section 6654(a) addition to tax for failure to make estimated tax payments for 1990. We hold she is.

(4) Whether petitioner should be required to pay a penalty to the United States under section 6673(a)(1). We hold she should, in the amount of $2,500.

All section references are to the Internal Revenue Code in effect for the year 1990. All Rule references are to the Tax Court Rules of Practice and Procedure.

## FINDINGS OF FACT

Despite the Court's request, no stipulation of facts was filed. Petitioner called no witnesses. Rather, petitioner relied on her trial memorandum, which contains nothing more than tax protester rhetoric and legalistic gibberish. Petitioner did, however, testify. She did so as respondent's sole witness. For the most part, petitioner's testimony was in connection with respondent's request for a penalty pursuant to section 6673(a)(1).

Notwithstanding the scant record, based primarily on deemed admissions, we find the following:

Petitioner resided in Issaquah, Washington, at the time she filed her petition. She did not file a Federal income tax return for 1990.

During 1990, petitioner received the following amounts of income:

| | |
|---|---|
| Wages from Issaquah School District No. 411. | $9,189 |
| Savren Service Corp., arising from the sale of property located at 27605 SE 196th Pl., Issaquah, Washington. (We are unable to ascertain from the record petitioner's basis in the property.) | 76,750 |
| Dividend income from Nynex American Transtech. | 18 |
| Dividend income from American Telephone Telegraph Co. | 25 |
| Dividend income from Southwestern Bell Corp. | 16 |
| Dividend income from Pacific Telesis Group. | 15 |
| Dividend income from Bell Atlantic American Transtech Co. | 18 |
| Dividend income from Bellsouth American Transtech Co. | 23 |
| Dividend income from Ameritech American Transtech Co. | 18 |
| Dividend income from Ameritech American Transtech Co. | 15 |

Petitioner made no estimated tax payments during 1990, as required by section 6654.

Petitioner's failure to timely file a Federal income tax return was not attributable to reasonable cause within the meaning of section 6651(a).

OPINION

Issue 1.  Unreported Income

Respondent's determinations as to petitioner's tax liability are presumed correct.  Petitioner bears the burden of proving the contrary.  See Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Petitioner chose not to call any witnesses or present any meaningful evidence.  She admitted, when questioned by the Court, that during 1990 she worked as a teacher's assistant at Echo Glen, a prison for youngsters, and received wages from Issaquah School District.  She further admitted not filing a tax return for 1990 and justified her failure to file by stating: "I don't believe that a person that's working as hard [as I] for as small a wage as I should have to pay tax."

Section 61 defines gross income as all income from whatever source derived.  Included within the definition of gross income are "Compensation for services", "Gains derived from dealings in property", and "Dividends".  Sec. 61(a)(1), (3), (7).

The largest amount of unreported income involves petitioner's sale of property located at 27605 SE 196th Pl., Issaquah, Washington (196th Pl. property).  Section 1001(c) requires

recognition of gain or loss on the sale or exchange of property. The amount of gain recognized is the excess of the amount realized over the property's adjusted basis. Sec. 1001(a). Due to petitioner's failure to present any evidence, we are unable to determine her basis in the 196th Pl. property. Petitioner must bear the consequences flowing from her decision not to properly prosecute her case. Accordingly, the amount of gain recognized from the sale of the 196th Pl. property is the entire amount realized; that is, the $76,750 sale proceeds. (While we recognize that Washington is a community property State, the record does not reflect whether the 196th Pl. property is petitioner's separate property or community property or whether the $76,750 is petitioner's share of community property or the entire amount of the sale proceeds.)

We hold that petitioner received taxable wages, dividends, and gains derived from dealings in property in 1990 as determined by respondent. Accordingly, we sustain respondent's deficiency determination.

Issue 2. Section 6651(a) Addition to Tax

Respondent determined an addition to tax pursuant to section 6651(a) for petitioner's 1990 taxable year. Petitioner can avoid this addition to tax by proving that her failure to file was: (1) Due to reasonable cause, and (2) not due to willful neglect. Sec. 6651(a); Rule 142(a); United States v. Boyle, 469 U.S. 241, 245-246

(1985); <u>United States v. Nordbrock</u>, 38 F.3d 440 (9th Cir. 1994). "Reasonable cause" requires a taxpayer to demonstrate that she exercised ordinary business care and prudence and was nevertheless unable to file a return within the prescribed time. <u>United States v. Boyle</u>, <u>supra</u> at 246; sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Willful neglect means a conscious, intentional failure to file or reckless indifference. <u>United States v. Boyle</u>, <u>supra</u> at 245.

Petitioner was required to file a Federal income tax return for 1990. Sec. 6012. She failed to do so. When asked by the Court whether she had filed tax returns in prior years, petitioner replied:

> MS. COWAN: Years and years ago I did.
>
> THE COURT: And what made you change your mind?
>
> MS. COWAN: I believe the things that have happened in this country and the way the Government is running things, I just don't agree with it all.
>
> * * * * * * *
>
> THE COURT: * * * And because you don't agree with what the Government does, you feel you don't have to pay taxes on anything you earn?
>
> MS. COWAN: I don't really want to assist them in doing the wrong things in the world.

Petitioner's failure to file was due to willful neglect. Accordingly, respondent's determination of the section 6651(a) addition to tax is sustained.

Issue 3.  Section 6654(a) Addition to Tax

Respondent also determined an addition to tax pursuant to section 6654(a) for 1990, asserting that petitioner failed to pay estimated tax.  Where payments of tax, either through withholding or by making estimated quarterly tax payments during the course of the year, do not equal the percentage of total liability required under the statute, imposition of the section 6654 addition to tax is mandatory, unless the taxpayer shows that one of several statutory exceptions applies. Sec. 6654; Niedringhaus v. Commissioner, 99 T.C. 202, 222 (1992); Recklitis v. Commissioner, 91 T.C. 874, 913 (1988); Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980).  Petitioner bears the burden of proving qualification for such an exception.  See Habersham-Bey v. Commissioner, 78 T.C. 304, 319-320 (1982).

Although certain amounts were withheld from petitioner's wages, petitioner did not make any estimated tax payments for 1990 and introduced no evidence on this issue.  Accordingly, we sustain respondent's determination pursuant to section 6654(a) for petitioner's 1990 taxable year.

Issue 4.  Section 6673(a)(1) Penalty

Prior to trial, respondent cautioned petitioner of the possibility of the Court's imposing a penalty if she pursued her baseless claims and provided petitioner with an opportunity to avoid the section 6673(a)(1) penalty.  Petitioner failed to heed respondent's warning.  Accordingly, at trial, respondent requested the Court to impose a penalty against petitioner pursuant to section 6673(a)(1).

In relevant part, section 6673(a)(1) provides:

SEC. 6673(a).  Tax Court Proceedings.--

(1)  Procedures Instituted Primarily For Delay, etc.--Whenever it appears to the Tax Court that--

(A)  proceedings before it have been instituted or maintained by the taxpayer primarily for delay,

(B)  the taxpayer's position in such proceeding is frivolous or groundless, or

\*     \*     \*     \*     \*     \*     \*

the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $25,000.

Respondent asserts that petitioner's position is frivolous and groundless, and that petitioner instituted this lawsuit primarily for delay.  We agree with respondent that petitioner is liable for

a penalty under section 6673(a)(1), and we require her to pay a penalty to the United States in the amount of $2,500. Petitioner's conduct throughout this proceeding has convinced us that she instituted and maintained this proceeding primarily for delay. Moreover, her position in this proceeding is groundless and frivolous. See Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986); see also Neitzke v. Williams, 490 U.S. 319 (1989) (defining legal frivolousness). Petitioner's insistence on pursuing her fruitless argument has consumed time and effort of this Court (and of respondent) that could have otherwise been devoted to resolving bona fide claims of other taxpayers. See Cook v. Spillman, 806 F.2d 948 (9th Cir. 1986).

We have considered all arguments made by petitioner in this proceeding. We perceive no need to refute petitioner's protester arguments with somber reasoning; to do so might suggest they have colorable merit. Crain v. Commissioner, 737 F.2d 1417 (5th Cir.

1984).  Suffice it to say, all of them are without merit.

To reflect the foregoing,

An appropriate order will be issued and a decision will be entered for respondent.

.