T.C. Memo. 1997-269

UNITED STATES TAX COURT

TERRY ALAN SIMMONS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6857-94.                    Filed June 16, 1997.

Terry Alan Simmons, pro se.

Cynthia J. Olson, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

JACOBS, Judge:  Respondent  determined  deficiencies  in
petitioner's Federal income taxes and additions to tax as follows:

| Year | Deficiency | Addition to Tax Sec. 6651(f) |
|------|-----------|------------------------------|
| 1990 | $5,850    | $3,304                       |
| 1991 | 6,197     | 4,300                        |
| 1992 | 6,640     | 3,551                        |

The issues for decision are:

(1) Whether petitioner had unreported income for each of the years under consideration (namely, 1990, 1991, and 1992), as determined by respondent. In respondent's posttrial brief, respondent concedes a portion of the taxable income determined in the notice of deficiency. We hold that petitioner had unreported income for each year under consideration in the amount determined by respondent after concession, discussed infra.

(2) Whether petitioner's failure to file Federal income tax returns for each of the years under consideration was due to fraud. We hold that it was.

(3) Whether petitioner should be required to pay a penalty to the United States under section 6673(a)(1). We hold that he should, in the amount of $5,000.

All section references are to the Internal Revenue Code in effect for the years under consideration. All Rule references are to the Tax Court Rules of Practice and Procedure. All dollar amounts are rounded.

FINDINGS OF FACT

Petitioner resided in Boise, Idaho, at the time he filed his petition. He did not file a Federal income tax return for any of the years under consideration.

Petitioner had been employed by the city of Boise (the City) since 1977. During the years under consideration, he was a

subdivision review analyst in the City's Public Works Department, receiving wages from the City as follows:

| | |
|------|----------|
| 1990 | $28,515 |
| 1991 | $28,481 |
| 1992 | $30,382 |

During the years under consideration, petitioner was married to Betty A. Simmons (Mrs. Simmons).  Mrs. Simmons was employed by CPC Intermountain Hospital (the hospital) throughout 1990, 1991, and 1992, and received wages from the hospital as follows:

| | |
|------|----------|
| 1990 | $ 9,330 |
| 1991 | $13,081 |
| 1992 | $13,911 |

Prior to 1990, petitioner and Mrs. Simmons had filed joint income tax returns.  By 1990, petitioner had become a tax protester and adopted tactics designed to evade the payment of tax and harass those whom he thought were interfering with his scheme.  The first thing petitioner did was to drop out of the commercial banking system, and thereafter he dealt primarily in cash.  Then he attempted to stop withholding on his paychecks by filing false Forms W-4.  Specifically, on April 16, 1991, he filed a Form W-4 with the City claiming 30 allowances; prior thereto, he had claimed 5 allowances that resulted in withholding close to his actual tax liability.  Upon receipt of this Form W-4, the City notified the Internal Revenue Service (IRS) in accordance with a regulatory requirement.   The  IRS  responded  to  the  City's  notification

directing the City to withhold at single taxpayer rates with no allowances until a new Form W-4 was filed with a reasonable number of allowances claimed. The City complied with the IRS' instructions.

On March 16, 1992, petitioner filed a Form W-4 with the City claiming 31 allowances. After the City did not honor this new Form W-4, petitioner filed bogus liens against various city employees (including the City payroll clerk) and IRS employees. He also filed a lawsuit against the City and the payroll clerk. The City defended the lawsuit; the liens were expunged, and a judgment was entered against petitioner.

In December 1992, petitioner and Mrs. Simmons executed a declaration of trust purporting to convey their personal residence to themselves as trustees for the benefit of their children.

This case previously had been calendared for trial at the session in Boise beginning on May 22, 1995. On May 19, 1995, petitioner and Mrs. Simmons filed a voluntary petition for bankruptcy under chapter 13, thus halting the proceedings in this case. Petitioner and Mrs. Simmons did nothing to prosecute the bankruptcy case, and that case was dismissed for failure to file a plan and failure to file tax returns.

On March 6, 1995, respondent filed a motion for an award of a penalty under section 6673. On March 29, 1995, petitioner filed a document entitled "Administration Law Demand for Dismissal of Notice of Deficiency by the Commissioner of the Internal Revenue".

In response, the Court issued an Order, dated March 30, 1995, in which we characterized petitioner's arguments as frivolous and admonished petitioner that if he continued to advance such frivolous legal arguments, we would consider imposing a penalty under section 6673. At the trial of this case, on June 10, 1996, petitioner continued the same tax protester arguments he had been warned to abandon.

In the notice of deficiency, respondent determined that petitioner was liable for tax on all the wage income he received from the City and on 50 percent of the wage income Mrs. Simmons received from the hospital. Respondent also determined additions to tax under section 6651(f) for the years in issue. In respondent's posttrial brief, respondent conceded that petitioner's and Mrs. Simmons' wages were community income, and thus petitioner was liable for tax on only 50 percent of the income he received from the City, and 50 percent of the income Mrs. Simmons received from the hospital.

OPINION

Issue 1. Unreported Income

The uncontroverted evidence in this case establishes that petitioner and Mrs. Simmons had unreported wage income during each of the years under consideration as follows:

|      | Petitioner | Mrs. Simmons |
|------|------------|--------------|
| 1990 | $28,515    | $ 9,330      |
| 1991 | 28,481     | 13,081       |

1992          30,382                    13,911

Idaho is a community property State.  Absent circumstances not shown here, petitioner is liable for tax on 50 percent of the wage income received from the City and 50 percent of the wage income Mrs. Simmons received from the hospital. See United States v. Mitchell, 403 U.S. 190 (1971).

Issue 2.  Section 6651(f) Additions to Tax

Section 6651 imposes an addition to tax for failure to file a tax return.  Where the failure to file is fraudulent, the addition to tax is 15 percent of the amount required to be shown on the return for each month beyond the return's due date, up to a maximum of 75 percent.  (If the failure to file is not fraudulent and is not due to reasonable cause, the addition to tax is 5 percent of the amount required to be shown on the return for each month that the return is not filed, up to a maximum of 25 percent.) Respondent bears the burden of proving by clear and convincing evidence that the failure to file was fraudulent.  Sec. 7454(a); Rule 142(b); Clayton v. Commissioner, 102 T.C. 632, 652-653 (1994). Respondent's burden is met if it is shown that petitioner intended to evade taxes known to be due and owing by conduct intended to conceal, mislead, or otherwise prevent the collection of taxes, and that there is an underpayment of tax.  Stoltzfus v. United States, 398 F.2d 1002, 1004 (3d Cir. 1968); Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983); Acker v. Commissioner, 26 T.C. 107, 112 (1956).

The existence of fraud is a question of fact to be resolved upon consideration of the entire record. DiLeo v. Commissioner, 96 T.C. 858, 874 (1991), affd. 959 F.2d 16 (2d Cir. 1992). Fraud is never presumed but, rather, must be established by affirmative evidence. Edelson v. Commissioner, 829 F.2d 828, 832-833 (9th Cir. 1987), affg. T.C. Memo. 1986-223. Direct evidence of the requisite fraudulent intent is seldom available, but fraud may be proved by circumstantial evidence. Spies v. United States, 317 U.S. 492, 499 (1943); Rowlee v. Commissioner, supra at 1123. The taxpayer's entire course of conduct may establish the requisite intent. Otsuki v. Commissioner, 53 T.C. 96, 105-106 (1969).

Over the years, courts have identified various factors from which fraudulent intent can be inferred. These include:  Failure to file a return for several consecutive years; failure to report substantial income; dealing in cash to avoid financial scrutiny; filing a false Form W-4; and failure to cooperate with the taxing authorities. Bradford v. Commissioner, 796 F.2d 303, 307-308 (9th Cir. 1986), affg. T.C. Memo. 1984-601. These factors are present in this case.

We observed petitioner at trial. He is an intelligent individual who was continuously employed in a responsible position. We are convinced that he was aware of his obligation to report his income and file income tax returns, but he deliberately chose not to do so.  We recognize that failure to file a tax return itself does not establish fraud, but combined with affirmative acts, it

will be sufficient to prove fraud. See <u>Habersham-Bey v.</u> <u>Commissioner</u>, 78 T.C. 304 (1982). Here, the evidence shows that petitioner engaged in affirmative acts to misrepresent, secrete, and attempt to deceive in order to evade taxes known by him to be due and owing to the Government. He intentionally filed false Forms W-4 to prevent the collection of taxes. He dealt primarily in cash to avoid financial scrutiny. And he tried to remove his assets from the reach of the IRS by executing a declaration of trust with his wife purporting to convey their personal residence to themselves as trustees for the benefit of their children.

Respondent has proven by clear and convincing evidence that petitioner's failure to file returns for each of the years under consideration was fraudulent. Accordingly, we hold that petitioner is liable for the section 6651(f) additions to tax for 1990, 1991, and 1992.

<u>Issue 3. Section 6673(a)(1) Penalty</u>

In relevant part, section 6673(a)(1) provides:

SEC. 6673(a). Tax Court Proceedings.--

(1) Procedures Instituted Primarily For Delay, Etc.--Whenever it appears to the Tax Court that--

(A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay,

(B) the taxpayer's position in such proceeding is frivolous or groundless, or

\*      \*      \*      \*      \*      \*      \*

the Tax Court, in its decision, may require the taxpayer
to pay to the United States a penalty not in excess of
$25,000.

Petitioner presented frivolous and groundless arguments throughout these proceedings. We admonished petitioner that if he continued to advance such arguments, we would consider imposing a penalty under section 6673(a)(1). He did not heed our warning.

We find that petitioner, in addition to maintaining a frivolous and groundless position, instituted and maintained this proceeding primarily for delay. He had ample opportunity to address the merits of respondent's determination, but he chose not to do so. See Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986); see also Neitzke v. Williams, 490 U.S. 319 (1989) (defining legal frivolousness). Petitioner's insistence on pursuing his fruitless argument has consumed time and effort of this Court (and of respondent) that could have otherwise been devoted to resolving bona fide claims of other taxpayers. See Cook v. Spillman, 806 F.2d 948 (9th Cir. 1986). Accordingly, we shall grant respondent's motion for an award of a penalty under section 6673 and require petitioner to pay a penalty to the United States in the amount of $5,000.

We have considered all arguments made by petitioner in this proceeding. We perceive no need to refute petitioner's protester arguments with somber reasoning; to do so might suggest they have

colorable merit.  See <u>Crain v. Commissioner</u>, 737 F.2d 1417 (5th Cir. 1984).  Suffice it to say, all of them are without merit.

To reflect the foregoing and respondent's concession,

<u>An appropriate order will be issued, and a decision will be entered under Rule 155</u>.