T.C. Memo. 1998-70


UNITED STATES TAX COURT


LAVONNE ALLEN HODGSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 21185-96.                    Filed February 19, 1998.


LaVonne Allen Hodgson, pro se.

<u>Michelle Or</u>, for respondent.


MEMORANDUM OPINION


JACOBS, <u>Judge</u>:  Respondent determined a $15,287 deficiency in petitioner's Federal income tax for 1994.  The deficiency arises from petitioner's tax protester claims that we reject.

All section references are to the Internal Revenue Code in effect for 1994, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Petitioner resided in Santa Maria, California, at the time he filed his petition.

Background

During 1994, petitioner was employed as an engineer for the Northrop Grumman Corp., for which he was paid $67,337 for services rendered. On his 1994 Federal income tax return, petitioner reported the wages from his employment, but claimed a deduction in an amount equal to the wages for "Non Taxable Compensation/Renumeration Eisner vs McComber [sic] 252 US 189". As a result, petitioner reported no taxable income and claimed a $12,342 refund due to the Federal income taxes withheld by his employer during the year.[1] Above his signature on the return, petitioner stamped the words "'Under Protest' UCC 1-207".

In his petition, filed September 30, 1996, petitioner stated that he "disagree[d] with the disallowance of compensation for labor as non-taxable income." During October and November 1997, petitioner served on respondent two requests to produce documents, a set of interrogatories, and requests for admissions, all seeking the factual and legal basis for respondent's deficiency

---

[1] The Internal Revenue Service "froze" the refund and applied it as a prepayment credit against the 1994 deficiency.

determination. In his pretrial memorandum, petitioner stated that "his self assessment determined that he was not a 'taxpayer' as that word of art is used in the Internal Revenue Code". He further stated that he was not engaged in any taxable activity that would subject him to income tax. At trial, petitioner presented no evidence to refute respondent's deficiency determination.

## Discussion

Instead of attempting to challenge the merits of respondent's determinations, petitioner raises the usual "tax protester" arguments which we and other courts have always rejected. See, e.g., Wilcox v. Commissioner, 848 F.2d 1007 (9th Cir. 1988), affg. T.C. Memo. 1987-225. We do not believe it appropriate to address petitioner's assertions as to the validity of the Federal income tax system "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984). Suffice to say, section 61(a)(1) includes in gross income compensation for services rendered, and it is undisputed that petitioner received $67,337 as wages from services rendered to the Northrop Grumman Corp.

Respondent's deficiency determinations are presumed correct, and the burden is on petitioner to show that the determinations are wrong. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933).

Petitioner failed to do so. Consequently, we sustain respondent's deficiency determination.

Respondent filed a motion seeking to impose a penalty on petitioner pursuant to section 6673(a). Section 6673(a)(1) authorizes the Court to require a taxpayer to pay to the United States a penalty up to $25,000 whenever it appears that proceedings in this Court have been instituted or maintained by the taxpayer primarily for delay, or that the taxpayer's position in such proceeding is frivolous or groundless. A taxpayer's position is frivolous or groundless "if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986).

We find that petitioner instituted this proceeding primarily for delay and maintained a frivolous and groundless position. Petitioner was made aware of the frivolous and groundless nature of his arguments. He failed to heed these warnings and allowed his case to proceed. Petitioner's insistence on pursuing his fruitless argument has consumed the time and effort of both this Court and the Commissioner that could have otherwise been devoted to resolving bona fide claims of other taxpayers. See Cook v. Spillman, 806 F.2d 948 (9th Cir. 1986). Accordingly, we shall grant respondent's motion for an award of a penalty under section 6673 and require petitioner to pay a penalty to the United States in the amount of $1,000, although we advise petitioner that the

amount of the penalty may be greater if he persists with his tax protester position in the future.

To reflect the foregoing,

<u>An appropriate order will be issued, and a decision will be entered for respondent</u>.