T.C. Memo. 2000-280

UNITED STATES TAX COURT

JOSEPH J. AND EILEEN H. LIPARI, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18650-97.                         Filed August 30, 2000.

Joseph J. Lipari and Eileen H. Lipari, pro sese.

<u>Richard A. Rappazzo</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined a deficiency of
$44,011 in petitioners' 1993 Federal income tax and a $8,802
accuracy-related penalty under section 6662(a).[1]  After
petitioners failed to appear when their case was called for
trial, the Court orally granted respondent's motion to dismiss

_____

    [1]  All section references are to the Internal Revenue Code
in effect for the year in issue, and all Rule references are to
the Tax Court Rules of Practice and Procedure.

for lack of prosecution.  The sole matter for decision is respondent's motion for imposition of a section 6673 penalty.

## Background

At the time the petition was filed, Joseph J. Lipari and Eileen H. Lipari resided in Cottonwood, Arizona.

Petitioners have admitted that, during 1993, Mr. Lipari performed services as a chiropractor.  Nonetheless, petitioners failed to report a large percentage of the income from such activity on their 1993 income tax return.  Petitioners claimed that such income was earned by and taxable to an entity called D.D. Trust (the Trust).[2]  Respondent determined that the income reported by the Trust is properly taxable to Mr. Lipari individually on the grounds that the Trust is a sham (i.e., lacks economic substance) that should be disregarded for tax purposes.  Respondent alleged alternatively that, if the Trust were respected for tax purposes, the Trust constitutes a grantor trust whose income is taxable to petitioners.

## Discovery for October 1998 Trial

This case was originally calendared for the Court's trial session in Phoenix, Arizona on October 19, 1998.  In preparation for trial and as required by Rule 70(a), respondent first

---

[2]  Although petitioners alleged that they enjoyed no interest in property which was transferred to the Trust, petitioners admitted to receiving a life tenancy to all property owned by the Trust and further to having use of the real and personal property owned by the Trust.

attempted to obtain information regarding the Trust through informal discovery requests. This attempt was unsuccessful. On July 7, 1998, respondent proceeded with formal discovery, serving on petitioners Respondent's Request for Production of Documents and Respondent's Interrogatories to Petitioners.

Petitioners produced none of the documents requested by respondent. Instead, petitioners submitted a response in which they claimed to be unable to produce the requested documents on the grounds that the documents were in the "exclusive possession and control of Jimmy C. Chisum, Managing Agent for D & E Sword Trustee Co., Trustee for D.D. Trust."[3] On August 17, 1998, respondent filed with the Court a Motion to Compel Production of Documents. On August 19, 1998, the Court ordered petitioners to produce the requested documents by September 9, 1998. Petitioners failed to respond to this order. On September 15, 1998, the Court granted respondent's motion to compel and ordered that petitioners would not be allowed to offer into evidence any

---

[3] Petitioners contended that Mr. Chisum refused to provide them with records of the Trust. This assertion, however, is difficult to reconcile with petitioners' admission that Mr. Chisum had become a "good friend" in the years since inception of the Trust and that the parties met "quite regularly."

In addition, petitioners' difficulty in obtaining documents from the trustee appears to have been selective. As an exhibit to Petitioners' Response to Motion for Date and Time Certain for Trial filed with the Court on October 5, 1998, petitioners attached a copy of a notice of deficiency issued to the Trust for the taxable year at issue.

documents not produced to respondent by October 2, 1998.  Once again, petitioners failed to produce any documents in response to this order.

In addition to not producing the documents requested by respondent, petitioners also failed to answer respondent's interrogatories.  On September 3, 1998, respondent filed a Motion to Compel Responses to Respondent's Interrogatories.  On September 8, 1998, the Court ordered petitioners to respond to the interrogatories by September 25, 1998, and further ordered respondent to file a status report as to petitioners' response by September 29, 1998.  On September 21, 1998, petitioners provided their answers to respondent's interrogatories.  After receiving respondent's status report, the Court reviewed petitioners' answers.  By order of October 7, 1998, the Court determined that answers to 15 of the interrogatories were inadequate and ordered that petitioners would not be allowed to offer into evidence answers to such interrogatories.

Petitioners' Bankruptcy

On October 19, 1998, at the calendar call for the trial session in which this case was originally to be heard, petitioners appeared with a Notice of Proceeding in Bankruptcy reflecting that petitioners had filed a bankruptcy petition earlier that day.  In accordance with relevant provisions of the Bankruptcy Code, all proceedings were ordered automatically

stayed.

On October 4, 1999, petitioners' bankruptcy case was dismissed with prejudice. The stay of proceedings in this case was thereafter lifted, and the case was rescheduled for trial during the Court's June 5, 2000, trial session.

Discovery for June 2000 Trial

Confronted with petitioners' refusal to work toward a stipulation of facts, respondent filed a Motion to Show Cause Why Proposed Facts in Evidence Should Not Be Accepted as Established on February 7, 2000. On February 8, 2000, the Court issued an Order to Show Cause Under Rule 91(f), requiring petitioners to respond as to why matters set forth in respondent's motion should not be deemed admitted. Petitioners filed a response on February 19, 2000, but such response failed to address the proposed stipulations.

On March 3, 2000, respondent proceeded with a second attempt at formal discovery, serving on petitioners Respondent's Second Set of Interrogatories, Respondent's Second Request for Production of Documents, and Respondent's Requests for Admission. Petitioners addressed these discovery requests in much the same manner as previous ones, prompting respondent again to seek the assistance of this Court in obtaining discovery. On April 14, 2000, respondent filed a Motion to Compel Responses to Respondent's Second Request for Production of Documents. On

April 20, 2000, respondent filed a Motion to Compel Responses to Respondent's Second Set of Interrogatories. On the same date, respondent filed a Motion to Review the Sufficiency of Petitioners' Response to Respondent's Requests for Admission.[4]

The Court granted each of respondent's above-described motions. On April 20 and 21, 2000, the Court ordered petitioners, on or before May 1, 2000, to (1) produce to respondent each and every document requested in respondent's second request for production of documents, (2) provide respondent with full, complete, and responsive answers to each and every interrogatory in respondent's second set of interrogatories, and (3) provide respondent with complete answers to the requested admissions. At that time, the Court also made absolute its Order to Show Cause Under Rule 91(f), providing that the facts and evidence set forth in respondent's proposed stipulation of facts were deemed established.

On May 8, 2000, following petitioners' failure to comply with the above-described orders,[5] respondent filed a Motion to

---

[4] The requested admissions at issue (those for which respondent sought Court review of petitioners' responses) consisted of certain statements made by Mr. Lipari under oath during a hearing in the course of petitioners' bankruptcy case. Mr. Lipari objected to the requested admissions on the grounds that he was unable to recall the detail of his prior testimony.

[5] Petitioners' only correspondence with the Court during this time period consisted of a Motion for Enlargement of Time filed on May 8, 2000, and a Motion to Dismiss filed on May 9, 2000. Both motions were denied.

Impose Sanctions.  By order of May 16, 2000, the Court granted the motion and prohibited petitioners from offering into evidence (1) any facts which petitioners should have provided in response to respondent's second set of interrogatories, and (2) any documents covered by respondent's second request for production of documents which petitioners had failed to produce.  This order further provided that the admissions for which respondent sought review of petitioners' responses were deemed admitted.

June 2000 Trial Session

The trial in this case was rescheduled for a date and time certain of June 5, 2000, at 2 p.m.  At the calendar call for the trial session held on the morning of June 5, respondent filed a Motion to Dismiss for Lack of Prosecution and a Motion for Penalty Under I.R.C. Section 6673(a)(1).  Not only were petitioners absent at the trial session calendar call, petitioners also failed to appear when their case was called for trial later that day.  After noting petitioners' absence when their case was called for trial, the Court orally granted respondent's motion to dismiss for lack of prosecution.  The Court then took respondent's motion for imposition of a section 6673 penalty under advisement.

## Discussion

Section 6673(a)(1) authorizes this Court to penalize a taxpayer who institutes or maintains a proceeding primarily for

delay.  Petitioners' conduct in this case has convinced us that delay was in fact the primary purpose behind this proceeding. Petitioners' repeated failure to comply with respondent's discovery requests, even in the face of orders from the Court directing them to do so, has resulted in a waste of limited judicial and administrative resources that could have been devoted to resolving bona fide claims of other taxpayers.  See Cook v. Spillman, 806 F.2d 948 (9th Cir. 1986).  Accordingly, we shall grant respondent's motion and require petitioners to pay a penalty to the United States pursuant to section 6673 in the amount of $12,500.

To reflect the foregoing,

An appropriate order and order of dismissal and decision shall be entered.