T.C. Memo. 2001-148

UNITED STATES TAX COURT

CHARLES J. AND FRANCESCA C. SIGERSETH, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18998-99.                          Filed June 21, 2001.

Charles J. and Francesca C. Sigerseth, pro sese.

<u>Jeremy L. McPherson</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined deficiencies of
$384,998 and $445,463 in and section 6662(a) accuracy-related
penalties of $77,000 and $89,093 on petitioners' 1995 and 1996
Federal income taxes, respectively.[1]  After having orally

_____

    [1]  Unless otherwise provided, section references are to the
Internal Revenue Code in effect for the years in issue, and Rule
references are to the Tax Court Rules of Practice and Procedure.

dismissed this case for lack of prosecution as to the deficiencies in petitioners' income taxes, we have remaining for decision whether petitioners are liable for the accuracy-related penalties and whether to impose a penalty under section 6673 on petitioners.

## Background

At the time the petition was filed, petitioners resided in El Macero, California.

On September 23, 1999, respondent determined that for the 1995 and 1996 tax years, petitioners failed to report income with regard to the activities of three trusts and capital gain from the sale or exchange of assets, and petitioners were not entitled to a deduction with regard to certain personal exemptions. Further, respondent determined that petitioners were liable for self-employment taxes but allowed a partially offsetting deduction for the self-employment taxes determined. Respondent additionally determined accuracy-related penalties based on a substantial understatement of tax or negligence or disregard of rules or regulations. On December 27, 1999, petitioners filed a petition in this Court, averring that respondent's determinations were erroneous, the notice of deficiency was issued improperly, and respondent had the burden of proof with regard to the determinations made by him. On March 8, 2000, after we allowed an extension of time in which respondent could answer, respondent

filed his answer with the Court.  On May 16, 2000, this case was calendared for the Court's trial session in San Francisco, California, beginning on October 16, 2000.  On June 12, 2000, respondent's Appeals Office contacted petitioners in an attempt to resolve the disputed issues.  There is no evidence in the record indicating that petitioners responded to the Appeals Office.

On July 10, 2000, respondent's counsel wrote petitioners to obtain informal discovery, prepare a stipulation of facts, explain the consequences of not appearing at trial, and inform them of respondent's anticipated motion to seek a section 6673 penalty.  In addition, respondent's counsel suggested that the parties meet on July 20, 2000, to address the above matters.

Petitioners did not provide respondent with the requested information, but, on July 24, 2000, Mr. Sigerseth wrote respondent to suggest a meeting on September 3, 4, or 5, 2000. In the correspondence, Mr. Sigerseth stated that "Cal: Avila" would be petitioners' counsel and would attend the meeting.

On July 26, 2000, respondent's counsel stated in a letter to petitioners that he would be willing to meet on September 5, 2000, with petitioners and Mr. Avila.  He informed them, however, that Mr. Avila could not represent petitioners at the Tax Court unless he was an attorney (or other person) admitted to practice before the Tax Court.  He reminded petitioners again that

respondent was planning to move that the Court impose a section 6673 penalty.

On that same day, respondent served petitioners with a request for production of documents and a request for interrogatories. Additionally, respondent served petitioners with a request for admissions and filed a copy with the Court. On July 31, 2000, respondent filed a second request for admissions with the Court, which was also served on petitioners. Petitioners did not respond to the requests for admissions. Therefore, each matter to which respondent requested admission is deemed admitted. See Rule 90(c). Some of those deemed admissions were:

(1) Petitioners created the Sigerseth Family Trust on August 6, 1992;

(2) In 1995 and 1996, petitioners Charles J. Sigerseth and Francesca C. Sigerseth were the only two trustees of the Sigerseth Family Trust;

(3) On page 3 of the declaration of trust of the Sigerseth Family Trust, it states in the "Trustees' Declaration of Purpose" that the "Creator" transferred property to the trustees, including "the exclusive use of His [the creator's] lifetime services and ALL of His EARNED REMUNERATION ACCRUING THEREFROM, from any current source whatsoever, so the CHARLES J. SIGERSETH can maximize His lifetime efforts through the utilization of His

Constitutional Rights; for the protection of His family in the pursuit of His happiness through His desire to promote the general welfare, all of which CHARLES J. SIGERSETH feels He will achieve because they are sustained by His RELIGIOUS BELIEFS.";

(4) Petitioners did not report the sale of their half interest in the Tahoe City condominium on their 1996 Federal income tax return;

(5) During all of 1995 and 1996, the Sigerseth Family Trust was a beneficiary of Trust Management Services, a trust;

(6) In 1995 and 1996, Trust Management Services, a trust, was engaged in marketing abusive trusts and providing services to investors in abusive trusts;

(7) During respondent's examination of petitioners' 1995 and 1996 Federal tax returns, petitioners refused to cooperate with respondent, to provide any of the documents requested by respondent, or to provide any explanations or documents to support the information reported on the tax returns; and

(8) After the petition was filed in this case, petitioners refused to respond to any communication from respondent's Appeals Office.

On August 2, 2000, petitioners in a letter to respondent suggested alternative dates (September 19 or 21, 2000) to meet, but they again did not respond to respondent's discovery requests. On September 5, 2000, respondent filed motions with

the Court to compel production of documents and responses to interrogatories.

On September 6, 2000, the Court granted respondent's motions to compel production of documents and responses to interrogatories, ordering that the production and responses occur on or before September 18, 2000. The Court warned petitioners that if they failed to comply with the Court's order, it would impose sanctions under Rule 104, including dismissal of the case or a decision against petitioners. Petitioners failed to respond to the Court's order.

On September 19, 2000, respondent's counsel met with Mr. Sigerseth, but petitioners still refused to provide the requested information and documents. Mr. Sigerseth however provided respondent's counsel with a proposed letter to the Court requesting that petitioners be allowed to withdraw their petition.

On October 2, 2000, respondent filed a motion to dismiss for failure to prosecute and for a penalty under section 6673. On October 11, 2000, petitioners responded to respondent's motion by filing a motion to dismiss for lack of jurisdiction claiming that the notice of deficiency was improper and making protester type arguments. Petitioners' motion to dismiss for lack of jurisdiction was denied.

On October 16, 2000, this case was called for trial in San

Francisco, California. Due to petitioners' failure to appear, we orally dismissed the case for lack of prosecution as to petitioners' liability for the income tax deficiencies, and respondent's motion for a section 6673 penalty was taken under advisement. On November 24, 2000, petitioners filed a document with the Court continuing to make protester type arguments. Based upon those types of arguments, petitioners asserted that they were not liable for any taxes, respondent had not proven that they owed any taxes, and this Court, in any event, lacked jurisdiction with regard to the dispute.

## Discussion

Rule 123(b) provides that the Court may dismiss a case at any time and enter a decision against a petitioner if he fails to properly prosecute his case or to comply with the Rules or any order of the Court. Rule 123(b) generally applies in situations where a petitioner bears the burden of proof; see also Rule 142(a) (providing that the burden of proof is on a petitioner unless otherwise provided by statute or determined by the Court); Welch v. Helvering, 290 U.S. 111, 115 (1933).

We note that when this case was called for trial, respondent represented that the examination in the instant case commenced after the effective date of section 7491. See Internal Revenue Service Restructuring & Reform Act of 1998 (RRA 1998), Pub. L. 105-206, sec. 3001(c), 112 Stat. 685, 727 (providing that sec.

7491 is applicable to court proceedings arising in connection with examinations commenced after July 22, 1998). Under section 7491(a), Congress provided that if a taxpayer presents credible evidence and meets certain other prerequisites, the Commissioner shall bear the burden of proof with regard to factual issues relating to the liability of the taxpayer for a tax imposed under subtitle A or B. Because petitioners failed to appear and present credible evidence, the burden of proof is not placed on respondent under section 7491(a).

As to the accuracy-related penalties imposed by respondent, Congress provided in section 7491(c) that the Commissioner bears the burden of production in any court proceeding with regard to the liability of the taxpayer for such penalties. In Higbee v. Commissioner, 116 T.C. ___, ___ (2001) (slip op. at 15), we stated that this provision requires that the Commissioner come forward with sufficient evidence indicating that it is appropriate to impose the relevant penalties. However, the Commissioner does not have the obligation to introduce evidence regarding elements such as reasonable cause or substantial authority. See id.

Petitioners failed to appear at trial and submitted only tax protester type material to the Court. During the litigation, respondent attempted to obtain informal and formal discovery from petitioners without success. As noted in our background

discussion, petitioners are deemed to have admitted certain facts. The deemed admissions were made pursuant to Rule 90(c). By the deemed admissions, petitioners are deemed to admit certain facts, which when taken together, establish that they failed to exercise the due care of a reasonable and ordinarily prudent person under like circumstances. For example, petitioners are deemed to admit that they invested in abusive trusts and that they refused to cooperate or provide documents to respondent during the examination of petitioners' 1995 and 1996 Federal income tax returns. We conclude that respondent met his burden of production under section 7491(c) with regard to the accuracy-related penalties determined based on negligence or disregard of rules or regulations.[2] See Rule 90(c); Nis Family Trust v. Commissioner, 115 T.C. 523, 542-543 (2000). Because respondent met his burden of production through the deemed admissions and petitioners failed to disprove respondent's determinations (e.g., by proving reasonable cause), we hold that petitioners are liable for the accuracy-related penalties in issue. See secs. 6662(b)(1), 6664(c); Higbee v. Commissioner, supra. In that respect, respondent's motion to dismiss for failure to prosecute insofar as it relies on the deemed admissions will be treated and granted as a motion for partial summary judgment.

---

[2] We therefore need not address respondent's determination of the accuracy-related penalties based on a substantial understatement of tax.

Finally, section 6673(a) authorizes this Court to penalize a taxpayer who (1) institutes or maintains a proceeding primarily for delay, (2) pursues a position in this Court which is frivolous or groundless, or (3) unreasonably fails to pursue available administrative remedies. Petitioners' conduct in this case has convinced us that all of the above factors are present in this proceeding. Petitioners' repeated failure to comply with respondent's discovery requests, even in the face of orders from the Court directing them to do so, has resulted in a waste of limited judicial and administrative resources that could have been devoted to resolving bona fide claims of other taxpayers. See Cook v. Spillman, 806 F.2d 948 (9th Cir. 1986). Further, petitioners have failed to seek settlement at the administrative level. Lastly, petitioners' insistence on making protester type arguments even after we have summarily dismissed them indicates an unwillingness on the part of petitioners to respect the tax laws of the United States. Accordingly, we shall grant respondent's motion and require petitioners to pay a penalty to the United States pursuant to section 6673 in the amount of $15,000.

To reflect the foregoing,

An appropriate order and decision will be entered.