T.C. Memo. 2002-146

UNITED STATES TAX COURT

LEIGH GILL, f.k.a. TAMORY L. GILL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8401-00.                    Filed June 11, 2002.

Leigh Gill, pro se.

<u>Stephen P. Baker</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  This case is before the Court on
respondent's motion to dismiss for lack of prosecution pursuant
to Rule 123(b)[1] and motion for sanctions under section

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year in issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

6673(a)(1). By notice of deficiency, respondent determined a deficiency of $7,149 and an accuracy-related penalty of $813 with respect to petitioner's 1997 Federal income tax.

Background

In the notice of deficiency, respondent determined, on the basis of income reported by third-party payers, that petitioner failed to report wage income of $32,939 from Empire Hospital, nonemployee compensation of $7,532 from Douglas GR, and interest income of $29 from United Health for 1997. Respondent also determined self-employment tax adjustments and an accuracy-related penalty.

On August 21, 2000, petitioner invoked the jurisdiction of this Court by timely filing an imperfect petition.

On September 1, 2000, respondent filed a motion to dismiss for failure to state a claim and to impose sanctions pursuant to section 6673 (respondent's first motion).

On September 5, 2000, the Court ordered petitioner to file an amended petition in order to comply with the Rules of the Court as to the form and content of a proper petition and calendared respondent's first motion for a hearing on October 4, 2000, in Washington, D.C.

On October 2, 2000, petitioner filed an amended petition virtually identical to the original petition. At the time she

filed the amended petition, petitioner resided in Vancouver, British Columbia, Canada.

In the petitions, petitioner averred, among other things, that "The Self-assessment form (1040) on file for the year 1997 for Account #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 was submitted in error by Petitioner," "The amount of compensation received by this Petitioner was not 'gross income' within the meaning of the Internal Revenue Code," "this Petitioner received compensation for her labors errantly listed on her employer's 1099, which has never been defined as income in the IRC," "The lawful-authority of assessing an ACCURACY RELATED PENALTY is in question," "Petitioner's amount of self-assessed taxes were not from gross income as defined within the meaning of the IRC," and "Petitioner disagrees with the Authority of the IRS and the lawfulness of filing requirements."

On October 4, 2000, this case was called from the calendar for the motions session of the Court at Washington, D.C. Petitioner failed to appear at the hearing. The Court noted that we had received "a slew" of documents from petitioner. These documents, however, contained various defects and were returned to petitioner unfiled. The Court received into the record a Form 1040, U.S. Individual Income Tax Return, that respondent had accepted as petitioner's Federal income tax return for 1997. At

this time, via a written order, the Court denied respondent's first motion and advised petitioner of the provisions of section 6673.

On her 1997 tax return, petitioner reported zero wages, zero interest, zero total income, zero adjusted gross income, zero total tax, and claimed a $4,290[2] refund based on Federal income tax withholdings. Petitioner attached to her Form 1040 a three-page letter reciting tax protester type arguments, a Form W-2, Wage and Tax Statement, from Empire Hospital Service listing $33,540 in wages, and a Form W-2 from Group Health Northwest listing $4,312 in wages.[3]

In the answer, respondent denied the assignments of error alleged by petitioner. Additionally, respondent affirmatively alleged: (1) Petitioner disclosed on an attachment to her 1997 return, but did not report as income, wages of $33,540 from Empire Hospital Service and $4,312 from Group Health Northwest; (2) during 1997 petitioner received taxable income of $844 from TIAA, $2,910 from CREF, $29 from United Health, and $7,532 from Douglas GR; (3) petitioner's correct taxable income for 1997 was $41,234; and (4) the correct amount of the deficiency for 1997 was $8,339 instead of $7,149 (i.e., respondent increased the

---

[2] For convenience, figures are rounded to the nearest dollar.

[3] The Form 1040 and Forms W-2 listed petitioner's address as 10801 E. Boone Ave., Spokane, WA 99206.

deficiency by $1,190).[4]  Respondent attached the notice of deficiency and petitioner's 1997 return, which included the three-page letter from petitioner and the two Forms W-2, to the answer.

By notice dated January 18, 2001, the Court set this case for trial at the Court's Anchorage, Alaska, session beginning June 18, 2001.  This notice specifically stated:  "YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU."

On February 12, 2001, respondent filed a motion for entry of order that undenied allegations in answer be deemed admitted (respondent's second motion).  That same day, the Court ordered petitioner to file a reply, as required by Rule 37(a) and (b), on or before February 26, 2001.  The Court advised petitioner that if she did not file a reply, as directed, the Court would grant respondent's second motion and would deem admitted the affirmative allegations in the answer.

On March 13, 2001, after having received no response from petitioner, the Court granted respondent's second motion and ordered that the undenied allegations set forth in the answer be deemed admitted.

By notice dated June 7, 2001, the Court notified the parties

---

[4]  Respondent did not allege an increase in the accuracy-related penalty.

of a change of courtroom and address for trial at the Court's Anchorage, Alaska, session beginning June 18, 2001.

On June 18, 2001, this case was called from the calendar for the trial session of the Court at Anchorage, Alaska. Petitioner failed to appear at the calendar call. At that time, respondent orally moved to dismiss for lack of prosecution. The Court set this case for recall on June 25, 2001.

On June 20, 2001, the Court received and filed a motion to continue from petitioner.[5]

On June 25, 2001, this case was recalled from the calendar for the trial session of the Court at Anchorage, Alaska. Petitioner again failed to appear. At this time, respondent filed a written motion to dismiss for lack of prosecution (motion to dismiss) and a motion for sanctions under section 6673(a)(1) (motion for sanctions). Attached to the motion to dismiss is a Form 1099 for 1997 reporting $7,532 in nonemployee compensation to petitioner. Attached to the motion for sanctions are: (1) Several documents reciting tax protester type arguments submitted by petitioner to the Internal Revenue Service (IRS), (2) a March 26, 2001, letter from respondent inviting petitioner to a meeting to discuss the case pursuant to Branerton Corp. v. Commissioner, 61 T.C. 691 (1974), and (3) a June 8, 2001, letter from respondent reminding petitioner of the date and time of the

---

[5] The motion to continue was dated June 13, 2001.

calendar call for the Alaska trial session and enclosing a proposed stipulation of facts.

On this same date, via a written order, the Court denied petitioner's motion to continue, took respondent's motion to dismiss and motion for sanctions under advisement, and ordered petitioner to reply to respondent's aforementioned motions on or before July 25, 2001. The Court has not received any reply from petitioner.

Discussion

I.   Rule 123(b).  Dismissal

The Court may dismiss a case and enter a decision against a taxpayer for his failure properly to prosecute or to comply with the Rules of this Court. Rule 123(b). Rule 123(b) generally applies in situations where the taxpayer bears the burden of proof. Respondent, in the motion to dismiss, represented that he has the burden of production regarding the penalty and the burden of proof only with respect to the request for an increased deficiency. Sec. 7491(a), (c); rule 142(a).

A.   The Deficiencies

As a general rule, the taxpayer bears the burden of proving the Commissioner's deficiency determinations incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Section 7491(a), however, provides that if a taxpayer introduces credible evidence and meets certain other prerequisites, the Commissioner

shall bear the burden of proof with respect to factual issues relating to the liability of the taxpayer for a tax imposed under subtitle A or B of the Code.

Petitioner failed to appear and did not introduce any evidence. Therefore, we conclude that the burden of proof regarding the deficiency determined in the statutory notice of deficiency is not placed on respondent pursuant to section 7491(a). Accordingly, we sustain respondent's deficiency determination contained in the statutory notice of deficiency.

Pursuant to Rule 142(a), respondent bears the burden of proof with respect to the request for an increased deficiency. Respondent submitted, and the Court received as evidence, Forms W-2 and 1099 issued to petitioner. Additionally, as noted supra, petitioner is deemed to have admitted certain facts supporting an increased deficiency affirmatively alleged by respondent in the answer. On the basis of the evidence, we sustain the increased deficiency.

B.  Section 6662(a)

Pursuant to section 6662(a), a taxpayer may be liable for a penalty of 20 percent on the portion of an underpayment of tax due to a substantial understatement of income tax. Sec. 6662(b). An "understatement" is the difference between the amount of tax required to be shown on the return and the amount of tax actually shown on the return. Sec. 6662(d)(2)(A). A "substantial

understatement" exists if the understatement exceeds the greater of (1) 10 percent of the tax required to be shown on the return for a taxable year, or (2) $5,000. Sec. 6662(d)(1). The understatement is reduced to the extent that the taxpayer (1) has adequately disclosed facts affecting the tax treatment of an item and there is a reasonable basis for such treatment, or (2) has substantial authority for the tax treatment of an item. Sec. 6662(d)(2)(B).

Section 6664(c)(1) provides that no accuracy-related penalty shall be imposed with respect to any portion of an underpayment if it is shown that there was reasonable cause for such portion and that the taxpayer acted in good faith with respect to such portion. The decision as to whether the taxpayer acted with reasonable cause and in good faith depends upon all the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs.

Section 7491(c) provides that the Commissioner shall bear the burden of production with respect to the liability of any individual for penalties. "The Commissioner's burden of production under section 7491(c) is to produce evidence that it is appropriate to impose the relevant penalty".[6] Swain v. Commissioner, 118 T.C. ___, ___ (2002) (slip op. at 9); see also Higbee v. Commissioner, 116 T.C. 438, 446 (2001). If a taxpayer

---

[6] We do not decide herein whether respondent would have met his burden of production if he had not produced any evidence when the taxpayer failed to appear for trial.

files a petition alleging some error in the determination of the penalty, the taxpayer's challenge generally will succeed unless the Commissioner produces evidence that the penalty is appropriate. <u>Swain v. Commissioner</u>, <u>supra</u> at ___ (slip op. at 12). The Commissioner, however, does not have the obligation to introduce evidence regarding reasonable cause or substantial authority. <u>Higbee v. Commissioner</u>, <u>supra</u> at 446-447.

Respondent submitted, and the Court received as evidence, petitioner's 1997 tax return, Forms W-2 and 1099 issued to petitioner, and several documents petitioner submitted to the IRS. Furthermore, as noted <u>supra</u>, petitioner is deemed to have admitted certain facts. On the basis of the evidence, we find that petitioner had a substantial understatement of income tax.[7] Petitioner did not present any evidence indicating reasonable cause or substantial authority. <u>Id.</u> Accordingly, on this issue, we sustain respondent's determination.

C.  <u>Conclusion</u>

We have sustained all of respondent's determinations. Therefore, we shall enter a decision for respondent.

III. <u>Section 6673(a)(1)</u>

Section 6673(a) authorizes this Court to penalize up to

---

[7] Petitioner was required to show $8,339 of tax on her 1997 return; however, she reported zero. Petitioner's understatement exceeds both 10 percent of the tax required to be shown on her return ($834) and $5,000.

$25,000 a taxpayer who institutes or maintains a proceeding primarily for delay or pursues a position in this Court which is frivolous or groundless.  Petitioner's conduct in this case has convinced us that she maintained this proceeding primarily for delay.  Petitioner's actions have resulted in a waste of limited judicial and administrative resources that could have been devoted to resolving bona fide claims of other taxpayers.  Cook v. Spillman, 806 F.2d 948 (9th Cir. 1986).  Petitioner's insistence on making frivolous protester type arguments indicates an unwillingness to respect the tax laws of the United States.  Accordingly, we shall grant respondent's motion for sanctions and require petitioner to pay a penalty to the United States pursuant to section 6673 in the amount of $7,500.

To reflect the foregoing,

An appropriate order and order of dismissal and decision will be entered.