FILED

OCT 27 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAMUEL D. BATES; JOYCE M. BATES, | No. 09-15577 |
| Plaintiffs - Appellants, | D.C. No. 2:09-cv-00817-LKK-EFB |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, District Judge, Presiding

Submitted October 19, 2010[**]

Before:    O'SCANNLAIN, TALLMAN, and BEA, Circuit Judges.

Samuel D. Bates and Joyce M. Bates appeal pro se from the district court's

order dismissing in part for lack of subject matter jurisdiction and denying in part

their petition to quash three Internal Revenue Service ("IRS") summonses issued

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 26 U.S.C. § 7602.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Ip v. United States*, 205 F.3d 1168, 1170 (9th Cir. 2000) (subject matter jurisdiction); *Fortney v. United States*, 59 F.3d 117, 119 (9th Cir. 1995) (statutory interpretation).  We affirm.

The district court properly dismissed the petition with respect to Safe America Credit Union because the Bateses failed to file their petition in the proper district court.  *See Fortney*, 59 F.3d at 119 (a district court lacks jurisdiction to consider petitions to quash summonses issued to entities not residing or found in the district in which that court is located).

The district court properly denied the motion to quash the remaining summonses because the Bateses failed to rebut the IRS's showing that the summonses were issued in good faith.  *See Stewart v. United States*, 511 F.3d 1251, 1254-55 (9th Cir. 2008) (a taxpayer has a heavy burden to show an abuse of process or lack of good faith once the IRS makes a prima facie showing that a summons was issued in good faith).

The Bateses' remaining contentions are unpersuasive.

Because the outcome of this appeal was obvious, sanctions are warranted under Federal Rule of Appellate Procedure 38.  *See Aloe Vera of Am., Inc. v.*

09-15577

*United States*, 376 F.3d 960, 966 (9th Cir. 2004) (per curiam).  Hence, we grant the government's unopposed motion for $8,000 in appellate sanctions.

**AFFIRMED.**