**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 29 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KAREN LEE CARLSON, pro se, | No. 12-72030 |
| Petitioner - Appellant, | Tax Ct. No. 010633-10 L |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted May 13, 2015[**]

Before:    LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

Karen Lee Carlson, appeals pro se from the Tax Court's decision, following a bench trial, concerning her income tax liability for tax years 2001 through 2004. We have jurisdiction under 26 U.S.C. § 7482(a)(1). We review de novo the Tax Court's legal conclusions, and review for clear error its factual findings.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Johanson v. Comm'r*, 541 F.3d 973, 976 (9th Cir. 2008). We affirm.

Contrary to Carlson's contention, the Tax Court correctly concluded that Carlson had received taxable income, such as compensation for work performed for private companies, while she resided in Oregon and Washington. *See* 26 U.S.C. § 61(a) (broadly defining "gross income" as "all income from whatever source derived, including (but not limited to) . . . compensation for services"); *id.* § 62 (defining "adjusted gross income" as gross income less deductions and excluding "the performance of services by the taxpayer as an employee" as a deduction); *id.* § 63 (defining "taxable income" as gross income less allowable deductions); *United States v. Hanson*, 2 F.3d 942, 945 (9th Cir. 1993) (rejecting the argument that a natural born citizen of a state is not subject to the tax code), *superseded on other grounds by statute*; *Grimes v. Comm'r*, 806 F.2d 1451, 1453 (9th Cir. 1986) (holding that tax on income is constitutional and defining taxable income).

Moreover, the district court did not abuse its discretion by excluding Charles Allen Harman's proposed testimony regarding statutes and case law. *See Keller v. Comm'r*, 568 F.3d 710, 725 (9th Cir. 2009) (applying abuse of discretion standard to Tax Court's evidentiary decision to restrict testimony).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Respondent's motion for sanctions in the amount of $8,000, filed on March 15, 2013, is granted. *See* Fed. R. App. P. 38; *Adriana Int'l Corp. v. Thoeren*. 913 F.2d 1406, 1417 (9th Cir. 1990) (noting this court's discretion to award sanctions for bringing a frivolous appeal, defined as "if the result is obvious or the appellant's arguments are wholly without merit").

Carlson's requests for relief, set forth in her opening and reply briefs, are denied.

**AFFIRMED.**