**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 15 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT PEREZ MORALES, | No. 13-74283 |
| Petitioner - Appellant, | Tax Ct. No. 4225-12 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM* |
| Respondent - Appellee. | |

| | |
|---|---|
| RONDA KAY MORALES, | No. 13-74284 |
| Petitioner - Appellant, | Tax Ct. No. 5316-12 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | |
| Respondent - Appellee. | |

Appeal from a Decision of the
Tax Court

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted December 9, 2015[**]
San Francisco, California

Before: KOZINSKI, BYBEE, and CHRISTEN, Circuit Judges.

This appeal concerns whether the Internal Revenue Service properly levied a tax penalty against Robert and Ronda Morales. The tax court upheld the IRS's penalty, and we affirm.

On appeal, the Moraleses primarily raise two arguments against the penalty: (1) the tax court was wrong to reject statutory-interpretation arguments made in a motion for reconsideration; and (2) the IRS did not meet its burden of production to establish the penalty applied.

A. *The tax court did not abuse its discretion in denying the motion to reconsider*

The IRS levied its penalty against the Moraleses under I.R.C. § 6662. This rule allows the IRS to penalize taxpayers for making "underpayments." The Moraleses argue that wrongly claiming a tax credit does not qualify as an "underpayment" under this rule. The problem is that the Moraleses raised this statutory-interpretation argument—for the first time—in a motion for reconsideration.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Tax Court Rule 161 permits a party to move for reconsideration, but "[t]he granting of a motion for reconsideration rests within the discretion of the Court, and will not be granted unless unusual circumstances or substantial error is shown." *Alexander v. Comm'r*, 95 T.C. 467, 469 (1990), aff'd without published opinion sub nom. *Stell v. Comm'r*, 999 F.2d 544 (9th Cir. 1993). A motion for reconsideration "may not be used to raise arguments . . . for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000). Indeed, we have held that "abuse of discretion review precludes reversing the [trial] court for declining to address an issue raised for the first time in a motion for reconsideration." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

As the tax court explained, the Moraleses "had ample opportunity to raise this newly minted argument . . . by amending the pleadings or presenting it at trial, but failed to do so." The Moraleses have not articulated any exceptional circumstances that prevented them from raising their argument before trial. And their statutory argument was not so clear-cut that the tax court was required to consider its merits for the first time in a motion for reconsideration. As the Moraleses concede, the face of § 6664 was ambiguous as to whether disallowed

3

credits were "underpayments." The tax court thus did not abuse its discretion in denying the motion for reconsideration.

B.     *The tax court properly applied the burden of production to the IRS*

The Moraleses also contend that the IRS did not meet its burden of production to show that the penalty applied to them. There are two reasons this argument fails. First, the IRS is obligated to meet a burden of production on a penalty *only* if the taxpayer first alleges that the IRS erred in its penalty determination. *See Wheeler v. Comm'r,* 127 T.C. 200, 207 (2006). Otherwise, the IRS "has no obligation . . . to produce evidence that the penalty is appropriate." *Id.* at 207 (quoting *Swain v. Comm'r,* 118 T.C. 358, 365 (2002))*.* Here, the Moraleses did not initially challenge the merits of the IRS's penalty determination. The Moraleses thus conceded its validity and relieved the IRS of its burden of production.

Second, even if the Moraleses did not concede the penalty, the IRS met its burden of production. The IRS provided evidence that the Moraleses negligently claimed first-time buyers credits even though they had recently owned a home. The tax court's rulings are therefore affirmed.

**AFFIRMED**.

4