# United States Tax Court

T.C. Summary Opinion 2023-28

JIE RANIERI a.k.a. JIE HU AND PAUL RANIERI,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————————

Docket No. 4690-19S.                          Filed September 11, 2023.

————————

Jie Ranieri a.k.a. Jie Hu and Paul Ranieri, pro sese.

*Massimiliano Valerio* and *Marc L. Caine*, for respondent.

## SUMMARY OPINION

GREAVES, *Judge*: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

The Internal Revenue Service (IRS or respondent) determined income tax deficiencies and accuracy-related penalties under section 6662(a) with respect to petitioners' Federal income tax for 2013 and 2014 (years at issue).  This case is before the Court on respondent's Motion for Summary Judgment, contending that there are no disputed issues of material fact and that his determinations in the notice of

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, regulation references are to the *Code of Federal Regulations*, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

deficiency were proper as a matter of law. For the reasons set forth below, we will grant respondent's motion.

## *Background*

The following facts are based on the parties' pleadings and motion papers, including attached declarations and exhibits and, unless otherwise stated, are not disputed. Some facts have been deemed admitted under Rule 90(c) because of petitioners' failure to timely respond to respondent's request for admissions.[2] Petitioners resided in New York when the petition was filed.

In 2012 petitioner Paul Ranieri's (Paul) mother executed a "Gift of Property Share," in which she announced her intent to transfer a one-half interest in real property in Long Beach, New York, to Paul as a tenant-in-common. After execution of this document, Hurricane Sandy hit New York and damaged the Long Beach property. Petitioners filed a joint income tax return for 2012 to which they attached Form 4684, Casualties and Thefts. On that form they claimed a casualty loss of $225,000 due to Hurricane Sandy with respect to the Long Beach property. Petitioners did not carry back the excess casualty net operating loss (NOL), nor did they elect out of carryback.

Petitioners prepared and filed joint income tax returns for the years at issue. On those tax returns petitioners carried forward $183,452 and $85,555 of the NOL for 2013 and 2014, respectively.[3] Petitioners also claimed a capital loss of $940 for 2014.

The IRS examined petitioners' returns for the years at issue. Respondent determined deficiencies of $34,093 and $24,051, as well as accuracy-related penalties under section 6662(a) and (b)(1) of $6,819 and $4,810 for the respective years at issue. Among other adjustments, respondent disallowed the NOL carryforward for the years at issue and the capital loss for 2014.

---

[2] On February 3, 2023, respondent filed and served on petitioners a First Request for Admissions, and on March 8, 2023, respondent filed and served on petitioners a Second Request for Admissions. Both requests advised petitioners of the consequences of failing to respond in accordance with Rule 90(b). Petitioners failed to respond to either request, and thus the assertions in the First and Second Request for Admissions are deemed admitted. *See* Rule 90(c).

[3] All dollar amounts are rounded to the nearest dollar.

On December 4, 2018, respondent mailed a notice of deficiency to petitioners. In response petitioners timely filed a petition to commence this case. The petition assigned errors to the following determinations: (1) "2013 [S]chedule E expenses were incorrectly assessed" and (2) "2014 [S]chedule E expenses were incorrectly reversed (100%)." On January 23, 2023, we granted respondent's Motion for Partial Summary Judgment filed July 5, 2022, disallowing petitioners' NOL deductions for the years at issue. Petitioners filed two Motions for Reconsideration, but we denied both motions.[4]

On April 19, 2023, respondent filed a Motion for Summary Judgment for the remaining issues: whether petitioners (1) are entitled to deduct a $940 capital loss for tax year 2014 and (2) are liable for section 6662(a) accuracy-related penalties for the years at issue. We ordered petitioners to file an objection to the Motion. On May 21, 2023, petitioners filed a Response to Motion for Summary Judgment, asking the Court for additional time to gather documentation. On the same day, petitioners filed a First Amendment to Response to Motion for Summary Judgment, attaching their account transcripts. On May 25, 2023, petitioners filed an Objection to Motion for Summary Judgment. On June 4, 2023, petitioners filed a second Objection to Motion for Summary Judgment.

## *Discussion*

### I. *Summary Judgment Standard*

The purpose of summary judgment is to expedite litigation and avoid costly, unnecessary, and time-consuming trials. *See FPL Grp., Inc. & Subs. v. Commissioner*, 116 T.C. 73, 74 (2001). We may grant summary judgment where there is no genuine dispute of material fact and a decision may be rendered as a matter of law. *See* Rule 121(a)(2); *Elec. Arts, Inc. v. Commissioner*, 118 T.C. 226, 238 (2002). Furthermore, we construe the facts and draw all inferences in the light most favorable to the nonmoving party to decide whether summary judgment is appropriate. *See Bond v. Commissioner*, 100 T.C. 32, 36 (1993). The nonmoving party may not rest upon the mere allegations or denials of his pleading but must set forth specific facts showing that there is a genuine dispute for trial. *See* Rule 121(d); *Bond*, 100 T.C. at 36. We

---

[4] Petitioners attempted to again place into issue the deductions relating to the NOL for the years at issue, but the Court resolved the NOL deduction issue in the Court's order issued on January 23, 2023. We do not reconsider that issue here.

conclude that no material facts are in dispute and that the case may be adjudicated summarily.

## II.   *Capital Loss Deduction*

Section 165(a) permits a taxpayer to deduct "any loss sustained during the taxable year" if "not compensated for by insurance or otherwise."  Rule 34(b)(1)(G) requires that a petition filed in this Court shall contain clear and concise assignments of each and every error that the taxpayer alleges to have been committed by the Commissioner in the determination of the deficiency and the additions to tax or penalties in dispute.  Any issue not raised in the pleadings is deemed to be conceded. *See* Rule 34(b)(1)(G); *Jarvis v. Commissioner*, 78 T.C. 646, 658 n.19 (1982); *Gordon v. Commissioner*, 73 T.C. 736, 739 (1980).  Petitioners failed to assign error in their petition to the disallowance of the capital loss deduction for tax year 2014.  Thus, petitioners concede that the $940 capital loss claimed for 2014 is not deductible.

## III.   *Accuracy-Related Penalties*

Section 6662(a) and (b)(1) imposes an accuracy-related penalty equal to 20% of the portion of an underpayment in tax required to be shown on a return which is attributable to negligence.  Negligence includes "any failure to make a reasonable attempt to comply with the provisions of the internal revenue laws or to exercise ordinary and reasonable care in the preparation of a tax return."  Treas. Reg. § 1.6662-3(b)(1).

Generally, the Commissioner bears the burden of production with respect to penalties.  *See* § 7491(c).  However, where a petition fails to assign error with respect to penalties, the Commissioner incurs no obligation to produce evidence in support of such penalty determinations pursuant to section 7491(c).  *See Funk v. Commissioner*, 123 T.C. 213, 218 (2004); *Swain v. Commissioner*, 118 T.C. 358, 363–65 (2002).

Again, petitioners failed to assign error to the determination that they were liable for accuracy-related penalties under section 6662(a). Thus, the issue is deemed conceded, and respondent bears no burden of production with respect to the penalties.  *See Funk*, 123 T.C. at 218; *Swain*, 118 T.C. at 363–65.  Because the issue is conceded, petitioners may not claim that they had a reasonable cause defense to the penalties. *See Morales v. Commissioner*, T.C. Memo. 2013-192, at *6–7, *aff'd*, 633 F. App'x 884 (9th Cir. 2015).  Thus, petitioners concede that they are

liable for accuracy-related penalties under section 6662(a) and (b)(1) of $6,819 and $4,810 for the respective years at issue.

Petitioners are deemed to have conceded the remaining issues. Accordingly, we will grant respondent's Motion for Summary Judgment under Rule 121.

To reflect the foregoing,

*An appropriate order and decision will be entered.*