NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 24 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEFFREY ALAN RISCHE,<br><br>                    Petitioner-Appellant,<br><br>   v.<br><br>COMMISSIONER OF INTERNAL REVENUE,<br><br>                    Respondent-Appellee. | No.   23-70011<br><br>Tax Ct. No.  1617-19<br><br>MEMORANDUM[*] |

Appeal from a Decision of the
United States Tax Court

Submitted January 24, 2024[**]

Before:  BENNETT, BADE, and COLLINS, Circuit Judges.

Jeffrey Alan Rische appeals pro se from the tax court's denial of his motion for summary judgment and grant of summary judgment in favor of the Commissioner of Internal Revenue.  Rische also appeals the tax court's imposition of sanctions under 26 U.S.C. § 6673.  We have jurisdiction under 26 U.S.C.

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 7482(a)(1). We review the tax court's grant and denial of summary judgment de novo. *Sollberger v. Comm'r*, 691 F.3d 1119, 1123 (9th Cir. 2012). The tax court's decision to award sanctions is reviewed for abuse of discretion. *Liti v. Comm'r*, 289 F.3d 1103, 1105 (9th Cir. 2002). We affirm.

The tax court properly granted summary judgment to the Commissioner, because Rische failed to raise a genuine dispute of material fact as to the amount of his income in 2015 or the taxability of earnings he received in exchange for services he performed, and his arguments were frivolous. *See Grimes v. Comm'r*, 806 F.2d 1451, 1453 (9th Cir. 1986) (reiterating that tax on income is constitutional and earnings fall within the meaning of taxable income). The tax court properly imposed sanctions on Rische for his continued presentation of frivolous arguments. *See Olson v. United States*, 760 F.2d 1003, 1005 (9th Cir. 1985) (affirming penalty for filing a frivolous "zero income" return).

As to the Commissioner's motion for sanctions, the Commissioner represents the requested lump-sum sanction of $8,000 is reasonable in light of the average cost the Tax Division of the Department of Justice incurred in litigating similar frivolous taxpayer appeals from 2009-2011. Rische does not contest the reasonableness of $8,000, nor does he present any argument as to the Commissioner's calculation of an appropriate sanction. As we have held in the past, a sanction in the amount of $8,000 is reasonable and appropriate. *See Banister v. Comm'r*, 664 F. App'x 673,

2

674 (9th Cir. 2016) (granting motion for $8,000 in sanctions); *Carlson v. Comm'r*, 604 F. App'x 628 (9th Cir. 2015) (same); *Bates v. United States*, 401 F. App'x 247, 248 (9th Cir. 2010) (same). Therefore, the Commissioner's July 31, 2023 motion for $8,000 in sanctions is granted. *See* Fed. R. App. P. 38; *Grimes*, 806 F.2d at 1454 ("Sanctions are appropriate when the result of an appeal is obvious and the arguments of error are wholly without merit.").

**AFFIRMED.**