# United States Tax Court

T.C. Memo. 2025-42

PETER JOSEPH ISAIAH GIBBONS O'CONNOR,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

_____

Docket No. 21651-19.                    Filed May 12, 2025.

_____

*Peter Joseph Isaiah Gibbons O'Connor*, pro se.

*Wesley J. Wong*, for respondent.

MEMORANDUM OPINION

ARBEIT, *Judge*: By joint motion filed March 5, 2024, this case was submitted fully stipulated for decision without trial, pursuant to Rule 122.[1] The parties have stipulated the relevant facts. *See* Rule 122(a).

For the eight taxable years at issue, petitioner, a tax lawyer admitted to practice before this Court, failed to file federal income tax returns and to pay federal income tax. As a result, for the taxable years at issue the Internal Revenue Service (IRS) determined deficiencies and additions to tax. In his defense petitioner makes four main legal arguments contesting the authority of the IRS to assess tax. He concedes that, should those arguments fail, for all taxable years at issue he is

_____

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (Code), in effect at all relevant times, regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure. We round all dollar amounts to the nearest dollar.

**[\*2]** liable for the deficiencies and additions to tax as stipulated. His only remaining argument, raised for the first time on brief, is that with respect to the additions to tax he had reasonable cause as a matter of law.

Because we find petitioner's four main legal arguments frivolous, we sustain the deficiency determinations as modified by the parties' stipulation. Further, since we find petitioner's argument with respect to reasonable cause similarly frivolous, we sustain the application of the additions to tax. Finally, we find petitioner liable for a penalty under section 6673(a)(1)(B) for advancing frivolous arguments.

*Background*

When he filed the petition, petitioner resided in Nevada. Absent stipulation to the contrary, appeal of this case would lie to the U.S. Court of Appeals for the Ninth Circuit. *See* § 7482(b)(1)(A), (2).

Petitioner, a tax lawyer licensed in California and admitted to practice before this Court,[2] failed to file federal income tax returns for taxable years 2010 through 2017.

On September 10, 2019, respondent mailed to petitioner a notice of deficiency determining deficiencies and additions to tax as follows:

| Year | Deficiency | Additions to Tax | | |
| --- | --- | --- | --- | --- |
| | | *§ 6651(a)(2)* | *§ 6651(f)*[3] | *§ 6654* |
| 2010 | $89,237 | $22,309 | $64,696 | $1,913 |
| 2011 | 71,536 | 17,884 | 51,863 | 1,416 |
| 2012 | 91,277 | 22,819 | 66,175 | 1,636 |
| 2013 | 153,166 | 38,291 | 111,045 | 2,750 |
| 2014 | 271,246 | 67,811 | 196,653 | 4,870 |
| 2015 | 274,325 | 54,865 | 198,885 | 4,940 |
| 2016 | 73,490 | 10,288 | 53,280 | 1,756 |
| 2017 | 67,656 | 5,412 | 49,050 | 1,619 |

---

[2] Court records reflect an admitted lawyer with a name, address, email address, and phone number that petitioner has used at one time or another during this case. We take judicial notice that petitioner is the same Peter J. Gibbons admitted to the Bar of this Court. *See* Rule 143; Fed. R. Evid. 201. He remains in active status.

[3] Respondent has since conceded the additions to tax for fraudulent failure to file under section 6651(f) and instead asserts only additions to tax for failure to timely file under section 6651(a)(1).

**[\*3]**   On March 5, 2024, the parties submitted their first stipulation of facts.[4] The stipulation includes the parties' agreements respecting petitioner's unreported gross income and various items necessary to compute petitioner's federal income tax for the taxable years at issue. Petitioner expressly concedes that, should his four main legal arguments fail, he is liable with respect to all taxable years at issue for self-employment tax, net investment income tax, and additional Medicare tax. His final argument, raised for the first time in his opening brief, is that he had reasonable cause as a matter of law with respect to the additions to tax under sections 6651(a)(1) and (2) and 6654, which in the stipulation he otherwise concedes should his four main legal arguments fail.

With his opening brief, filed on May 21, 2024, petitioner filed four separate memoranda in support of the brief, a request for judicial notice of certain public records, a memorandum in support of that request, and a declaration of Jeffrey A. Dickstein describing at length the documents that are the subject of petitioner's request for judicial notice. At the core of petitioner's 136-page opening brief are the contentions that respondent lacks the authority to assess tax, that petitioner is not subject to federal income tax, and that petitioner is under no obligation to file a federal income tax return.

On July 5, 2024, respondent filed his seriatim answering brief refuting the arguments set forth by petitioner.

On August 5, 2024, petitioner filed a seriatim reply brief in response to respondent's seriatim answering brief; on August 7, 2024, petitioner lodged a first amended seriatim reply brief, which he filed August 9, 2024, following the Court's leave. In this brief, another 57 pages, he mostly restates the arguments found in his opening brief. Yet he also acknowledges that courts have long settled many issues he raises, describes respondent's brief as "frivolous" (despite disparaging such labels), and comes rather close to issuing threats.

To date, petitioner has filed more than 1,000 pages that consist of documents such as purported records of state legislative history from the early 20th century, purported summaries of state legislative history, purported records of federal legislative history from the early 20th

---

[4] More than two years before, on February 16, 2022, the parties filed a stipulation of settled issues specifying that during the taxable years at issue petitioner was not married and, for that reason, had no income derived from community property. The parties' later stipulation incorporates the earlier one.

[*4] century, purported historical background on the Sixteenth Amendment to the U.S. Constitution, and hundreds of primary authorities cited ostensibly in support of his main arguments.

*Discussion*

I.      *Deficiencies Respecting Unreported Income*

        A.      *Burden of Proof*

In general, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving them erroneous. Rule 142(a)(1); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). In the case of unreported income, however, the Commissioner must first come forward with minimal evidence connecting the taxpayer with income-producing activity or showing actual receipt of unreported income. *Walquist v. Commissioner*, 152 T.C. 61, 67 (2019); *see also Hardy v. Commissioner,* 181 F.3d 1002, 1004 (9th Cir. 1999) (addressing the Commissioner's burden to first put forth some evidence of unreported income before the presumption of correctness applies), *aff'g* T.C. Memo. 1997-97. Once the Commissioner meets this burden of production, the burden is on to the taxpayer to prove by a preponderance of the evidence that the Commissioner's determinations are arbitrary or erroneous. *See Walquist*, 152 T.C. at 67–68. Submission of a case under Rule 122 does not alter the burden of proof. Rule 122(b).

Where, as here, the parties have fully stipulated the unreported income and the taxpayer has agreed to the facts, the Commissioner has necessarily met his burden. *See El v. Commissioner*, 144 T.C. 140, 143 (2015). Petitioner evidently believes that respondent's determinations here are unconstitutional (or otherwise invalid according to convoluted legal arguments). As we will explain, petitioner has failed to show anything of the kind; indeed, respondent has done nothing other than apply the law to the agreed facts.

        B.      *Frivolity of Petitioner's Arguments*

Petitioner has built his case around four notorious arguments all reaching the same astonishing conclusion: respondent lacks the authority to assess tax. Petitioner contends that (1) the Sixteenth Amendment was not properly ratified and is therefore invalid, (2) section 1 does not plainly and clearly impose a tax on the income of petitioner, (3) the income tax is an excise tax to which his income is not subject, and (4) petitioner is a citizen of Nevada and therefore not

**[\*5]** subject to federal income tax. To the extent he asserts other claims (e.g., a purported cost basis in his personal labor), they fit within these general themes. All are frivolous.

This Court generally does not address frivolous arguments such as those petitioner puts forward. *See Wnuck v. Commissioner*, 136 T.C. 498, 499 (2011). "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent . . . ." *Crain v. Commissioner*, 737 F.2d 1417, 1417 (5th Cir. 1984) (per curiam). As here, frivolous antitax arguments are often used as a time-consuming delay tactic. *See Wnuck*, 136 T.C. at 510–11. Consider the more than 1,000 pages petitioner has filed. Addressing every assertion and citation would waste substantial time and resources; by slowing down the Court, answering frivolous arguments harms litigants with legitimate arguments. *See id.* at 511. We see "little advantage to be gained by addressing frivolous arguments, and there are disadvantages that may accrue from doing so. For that reason, litigants who present frivolous arguments should not expect to see them answered in opinions of this Court." *Id.* at 513.

We address them here (albeit briefly) only because petitioner, a tax lawyer admitted to practice before this Court, is not the typical tax defier. *See id.* at 502 n.2 (explaining our use of the term "tax defier"). Petitioner insists on the correctness of his positions even as he cites contrary precedent. His great efforts to distinguish his arguments fail utterly.[5] In reaching his self-serving conclusions, the sole purpose of

---

[5] To give just one example, petitioner argues:

> The case of *Commissioner v. Glenshaw Glass Co.* [348 U.S. 426, 431 (1955)] is cited by the Commissioner to contend that any "*undeniable accessions to wealth, clearly realized, and over which the taxpayers have complete dominion*" is gross income. However, nowhere in his brief does the Commissioner explain what, if any "*undeniable accessions to wealth, clearly realized, and over which the taxpayers have complete dominion*" ever accrued to the Petitioner. On the contrary, there appears to be an irrebuttable presumption that any funds received by the Petitioner are "*undeniable accessions to wealth, clearly realized, and over which the taxpayers have complete dominion,*" which is patently false as explained *ad nauseum* in not only the Petitioner's opening brief, but also in the plethora of controlling Supreme Court precedent cited therein. In fact, the decision in *Glenshaw* clearly indicates that remuneration for labor is not income but rather a source from which income may be derived and therefore cannot be "gross income."

Pet'r's First Am. Seriatim Reply Br. ¶14.

**[\*6]** which is the evasion of his civic obligation to pay his fair share of taxes, he leverages his professional training to willfully disregard the caselaw and any legitimate legal analysis.

First, the Sixteenth Amendment was properly ratified and is the law of the land. *See Cook v. Spillman*, 806 F.2d 948, 949 (9th Cir. 1986) (per curiam) (rejecting as frivolous a challenge to the validity of the Sixteenth Amendment); *United States v. Stahl*, 792 F.2d 1438, 1440 (9th Cir. 1986) (rejecting assertions that the Sixteenth Amendment was void because of improper ratification by two states); *see also Leser v. Garnett*, 258 U.S. 130, 137 (1922) (explaining the principle that after adopting resolutions of ratification, a state's "official notice to the Secretary [of State], duly authenticated, . . . [is] conclusive upon him, and, being certified to by his proclamation, is conclusive upon the courts"). Petitioner boldly proclaims his arguments are a fresh take (as many tax defiers do) but proceeds to give the same tired arguments challenging ratification in a handful of states based on claimed typographical errors. We will not risk dignifying his arguments with further discussion— "to do so might suggest that these arguments have some colorable merit." *See Crain v. Commissioner*, 737 F.2d at 1417.

Petitioner's other arguments are similarly frivolous. Section 1 does impose an income tax on individuals. *See Lucas v. Earl*, 281 U.S. 111, 114–15 (1930) (addressing predecessor to section 1); *United States v. Romero*, 640 F.2d 1014, 1016 (9th Cir. 1981) (explaining that an argument that one is "not a 'person' and that the wages . . . [are] not 'income' is fatuous as well as obviously incorrect"); *Bonaccorso v. Commissioner*, T.C. Memo. 2005-278, slip op. at 3–4 (rejecting as frivolous the argument that section 1 does not impose an income tax on individuals). Further, to argue that the income tax is an excise tax with respect to which the taxpayer did not engage in the taxable excise activity is nonsense. *See Cabirac v. Commissioner*, 120 T.C. 163, 167 (2003) (rejecting this argument as frivolous), *aff'd per curiam*, No. 03-3157, 2004 WL 7318960 (3d Cir. Feb. 10, 2004); *Heisey v. Commissioner*, T.C. Memo. 2002-41, slip op. at 3–4 (describing this argument as "tax [defier] rhetoric and legalistic gibberish" and imposing penalties), *aff'd*, 59 F. App'x 233 (9th Cir. 2003). Finally, being a citizen of a state of course does not exempt an individual from federal income tax. *See Upton v. IRS*, 104 F.3d 543, 545 n.1 (2d Cir. 1997) (rejecting this "tax [defier]" argument as "barely worth a footnote"); *United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993) (describing this as a "shop worn" tax defier argument); *McLaurine v. Commissioner*, T.C. Memo. 2010-236, slip op. at 9–10 (rejecting as frivolous the argument that because an

**[\*7]** individual is a citizen of a state the individual is exempt from federal income tax).

Because we reject petitioner's frivolous arguments, we sustain the deficiency determinations as modified by the parties' stipulation.

II.  *Additions to Tax Under Sections 6651 and 6654*

A.  *Burden of Production*

Generally, the Commissioner bears the burden of production concerning additions to tax and must introduce evidence that imposing those additions to tax is appropriate. § 7491(c); *Wheeler v. Commissioner*, 127 T.C. 200, 206 (2006), *aff'd*, 521 F.3d 1289 (10th Cir. 2008). Nonetheless, if a taxpayer concedes a penalty at issue, the burden of production is no longer relevant. *See Funk v. Commissioner*, 123 T.C. 213, 218 (2004); *Swain v. Commissioner*, 118 T.C. 358, 363 (2002); *Morales v. Commissioner*, T.C. Memo. 2013-192, at \*6 ("[The Commissioner] is not required to establish the validity of a conceded issue."), *aff'd*, 633 F. App'x 884 (9th Cir. 2015); *Carlson v. Commissioner*, T.C. Memo. 2012-76, slip op. at 9 (deeming issues regarding additions to tax and penalties conceded for failure to raise in petition or on brief in favor of frivolous arguments), *aff'd*, 604 F. App'x 628 (9th Cir. 2015). Our rule is that "[a] stipulation will be treated, to the extent of its terms, as a conclusive admission by the parties to the stipulation." Rule 91(e). Once accepted, we "will not permit a party to a stipulation to qualify, change, or contradict a stipulation in whole or in part." *Id.* If enforcing a stipulation is manifestly unjust, however, we will provide relief. *See id.*; *Bail Bonds by Marvin Nelson, Inc. v. Commissioner*, 820 F.2d 1543, 1547 (9th Cir. 1987) (first citing *Vallejos v. C.E. Glass Co.*, 583 F.2d 507, 511 (10th Cir. 1978); and then citing *Jeffries v. United States*, 477 F.2d 52, 55 (9th Cir. 1973)), *aff'g* T.C. Memo. 1986-23.

The stipulation reflects petitioner's concession that should his legal arguments fail he is liable for the additions to tax. Having already determined that his legal arguments fail and seeing no injustice in holding petitioner to the stipulation, we conclude that respondent has no unmet burden. To the extent petitioner raised any contrary arguments in his petition,[6] his briefing shows he abandoned those

---

[6] While the petition broadly asserts errors respecting managerial approval, certification, and various miscalculations, both the parties' joint motion to submit the case for decision and the stipulation reveal the limited scope of his remaining legal arguments.

**[\*8]** positions, favoring instead the frivolous arguments discussed above. *See* Rule 151(e); *Thiessen v. Commissioner*, 146 T.C. 100, 106 (2016) ("[I]ssues and arguments not advanced on brief are considered to be abandoned."); *Mendes v. Commissioner*, 121 T.C. 308, 312–13 (2003); *Nicklaus v. Commissioner*, 117 T.C. 117, 120 n.4 (2001). Thus, petitioner is liable for the additions to tax under sections 6651(a)(1) and (2) and 6654 unless we agree with him that, as a matter of law, there was reasonable cause for his failure to file (under section 6651(a)(1)) and pay (under section 6651(a)(2)).[7] We turn now to that issue and hold against him.

### B.     *Petitioner's Reasonable Cause Argument*[8]

As an exception to section 6651, a taxpayer may seek to show that reasonable cause, not willful neglect, was the reason for a failure to file a timely return or pay tax. *See* § 6651(a)(1) and (2); *Higbee v. Commissioner*, 116 T.C. 438, 447 (2001) (explaining that once the Commissioner's burden of production is met, taxpayers bear the burden of proof for application of the reasonable cause exception). A taxpayer must show he was unable to file the required return or pay the tax without undue hardship within the prescribed time despite exercising ordinary business care and prudence. *See United States v. Boyle*, 469 U.S. 241, 246 (1985); Treas. Reg. § 301.6651-1(c). Willful neglect, by contrast, elicits "a conscious, intentional failure or reckless indifference." *Boyle*, 469 U.S. at 245.

Petitioner raises a final argument against the additions to tax under sections 6651(a)(1) and (2) and 6654. Yet, if correct, he proves far more: namely that because of the purported failure of the IRS to comply with a statutory mandate he (and everyone else) is relieved of the obligation to file a federal income tax return. How does he get there? He contends that the IRS is under an obligation to publish every year a regulation in the Federal Register with the applicable income threshold for filing a return (known as the exemption amount). According to petitioner, since 1990 the exemption amount has appeared not in the Code or any regulation but only in "some informal IRS publication" without the "force and effect of law." Thus according to petitioner for the

---

[7] Section 6654 does not provide for a generally applicable reasonable cause exception. *See Mendes*, 121 T.C. at 323. While there is a narrow exception in section 6654(e)(3)(B), petitioner does not argue the narrow exception applies.

[8] Petitioner raises reasonable cause for the first time in his opening brief. While he is bound by his concessions in the stipulation, we address his additional argument here for completeness and to show it too is frivolous.

[*9] past 35 years apparently there has been no enforceable obligation to file a federal income tax return. This argument is as frivolous as his others. *See Bradley v. United States*, 817 F.2d 1400, 1404 (9th Cir. 1987) ("The test for frivolousness is purely an objective one.").

Petitioner's obligation to file a return is based on section 6012, not on some secondary publication. *See* § 6012 ("Returns with respect to income taxes . . . *shall be made* by . . . [e]very individual having for the taxable year gross income which equals or exceeds the exemption amount . . . ." (Emphasis added.)); *Rader v. Commissioner*, 143 T.C. 376, 390 (2014) (regarding contrary arguments as meritless), *aff'd in part, appeal dismissed in part*, 616 F. App'x 391 (10th Cir. 2015). If petitioner insists on refusing to follow IRS guidance, the Code provides what he needs to figure out the exemption amount himself. *See* §§ 6012(a)(1)(D)(ii), 151(d), 1(f)(3). The irony of course is that the stipulation makes clear that petitioner's gross income for the years at issue far exceeded even a cursory estimation of the relevant exemption amount. Petitioner has failed as a matter of law to show any reasonable cause for his failure to file and pay. Instead we find that his "conscious, intentional failure or reckless indifference" caused his willful refusal to file and pay. *Boyle*, 469 U.S. at 245. The additions to tax under sections 6651(a)(1) and (2) and 6654, as determined and stipulated, are proper.

III.    *Penalty Under Section 6673*

Section 6673(a)(1)(B) provides that when a taxpayer advances frivolous or groundless arguments before this Court, we may impose a penalty of up to $25,000. Frivolous positions are those "contrary to established law and unsupported by a reasoned, colorable argument for change in the law. . . . The inquiry is objective." *Nis Fam. Tr. v. Commissioner*, 115 T.C. 523, 544 (2000) (quoting *Coleman v. Commissioner*, 791 F.2d 68, 71 (7th Cir. 1986)); *accord Bradley*, 817 F.2d at 1404; *see also Hansen v. Commissioner*, 820 F.2d 1464, 1470 (9th Cir. 1987) (explaining penalties are permissible when a taxpayer should know the position is frivolous). "The purpose of section 6673 is to compel taxpayers to think and to conform their conduct to settled principles before they file returns and litigate." *Takaba v. Commissioner*, 119 T.C. 285, 295 (2002). With his spurious reasoning petitioner seeks to challenge long-settled principles. We should, and we will, impose a penalty. The facts and circumstances of this case guide our determination as to the appropriate amount.

**[\*10]** Petitioner is a tax lawyer licensed in California and admitted to practice before this Court. Throughout his briefing he acknowledges that he understands the substantial caselaw establishing that his arguments are without support. He knows that his arguments were found frivolous in cases that he cites. *See, e.g.*, *Miller v. United States*, 868 F.2d 236, 238, 241–42 (7th Cir. 1989) (per curiam) (noting prior sanctions and imposing additional sanctions for a frivolous challenge to ratification of the Sixteenth Amendment). Nevertheless, he persists in making his frivolous arguments. Further, he has done so in a way— filing more than 1,000 pages in this case—that could only hinder the work of the Court.

His failure to file federal income tax returns was not an isolated incident of misjudgment but a pattern of misconduct over a period of at least eight taxable years. During that time, petitioner operated businesses generating substantial gross income. His decision not to file allowed him to avoid (for a while) paying any federal income tax. That, in addition to his vexatious briefing, suggests that his goal, at least in significant part, was to delay facing his federal income tax obligations. Our concern is that if we fail to dissuade him now, in the future his noncompliance may continue.

Those with specialized expertise should expect that we may hold them to a higher standard where appropriate. *See Tippin v. Commissioner*, 104 T.C. 518, 534 (1995) (holding attorney specialized in tax to higher standard of care respecting section 6653(a)(1) addition to tax and section 6662(a) penalty); *Leyshon v. Commissioner*, T.C. Memo. 2015-104, at \*26–27 (finding a taxpayer's background and education is an important consideration when applying section 6673), *aff'd*, 649 F. App'x 299 (4th Cir. 2016). Petitioner has the knowledge and training that should have made him aware of the possible consequences of his frivolous arguments far in advance of his making them. He should, and his briefing reflects that he does, know better.

Worse still, petitioner has represented a client in a previous matter before this Court that resulted in a penalty for similarly frivolous arguments. *See Avery v. Commissioner*, T.C. Memo. 2007-60, slip op. at 16–17 (discussing frivolous arguments that appear again in this case), *aff'd*, 399 F. App'x 195 (9th Cir. 2010).[9] We do not see petitioner's effort

---

[9] Having already found that petitioner is the same Peter J. Gibbons admitted to the Bar of this Court, we also take notice of the record in *Avery* in so far as his representation there relates to his conduct here. *See* Rule 143; Fed. R. Evid. 201; *see also Leyshon*, T.C. Memo. 2015-104, at \*14.

**[\*11]** here as a good faith attempt at changing the law, as he would have us believe. *See* Rule 202(a)(3); Model Rules of Pro. Conduct r. 3.1 (Am. Bar Ass'n 2023). Instead he puts forward the same baseless arguments this Court and others have long rejected.

As a result, we will impose a penalty of $2,000. *See generally Leyshon*, T.C. Memo. 2015-104, at \*24–29 (describing how we decide to impose a penalty). We decline to impose a higher amount for a few reasons. First, because petitioner raised his frivolous arguments only on brief, he did not in this case receive a warning that such arguments could subject him to a penalty (and *Avery* was nearly 20 years ago).[10] *See, e.g.*, *Wheeler*, 127 T.C. at 214 (noting repeated warnings before imposing penalty); *see also Leyshon*, T.C. Memo. 2015-104, at \*14 (warning issued in prior case preceded present case by only a few years). Second, respondent has not asked that we impose any penalty. *See, e.g.*, *Takaba*, 119 T.C. at 294. *But see Leyshon*, T.C. Memo. 2015-104, at \*15 (noting that the Commissioner requested neither penalties nor judicial notice of prior warning). Finally, and most importantly, petitioner's cooperation with respondent in stipulating "to the fullest extent," *see* Rule 91(a)(1), and agreeing to submit this case fully stipulated under Rule 122 tempers our view of his otherwise flagrant conduct. Our forbearance shows the great weight we attach to our Rules promoting judicial economy and especially to our pretrial procedures. *See Branerton Corp. v. Commissioner*, 61 T.C. 691, 692 (1974).

IV.    *Conclusion*

We have considered all the arguments that the parties have made and, to the extent they are not addressed herein, we find them to be moot, irrelevant, or without merit.

To reflect the foregoing and concessions by the parties,

*Decision will be entered under Rule 155.*

---

[10] While he may consider the penalty here modest, petitioner would do well to consider this his warning: Should he appear before us in the future, he should not again make frivolous arguments. *See Wheeler v. Commissioner*, T.C. Memo. 2011-278, slip op. at 5–6 (imposing the maximum penalty where prior penalties failed to deter misconduct).